From Hillsboro Superior Court of Law.
In the second count the plaintiff declared on another deed of bargain and sale made between the same parties, in which the defendants, after acknowledging the receipt of $183, the consideration *Page 241 
therein mentioned, proceeded thus: "have granted, bargained and sold, and by these presents do give, grant, bargain and sell, alien, enfeoff, release and confirm unto (344) the said Anthony Rickets, his heirs and assigns forever, a certain tract or parcel of land, beginning, etc., containing 183 acres, be the same more or less, etc., to have and to hold, etc.; and the said Robert Dickens and William Wait, and their heirs and every of them, all and every other person or persons, and their heirs, anything having or claiming in the premises above mentioned, or any part thereof, by, from or under them, or any other person or persons, shall and will warrant and defend the said premises, with the appurtenances thereunto belonging, to the said Anthony Rickets and his heirs forever, by these presents." The breach of this covenant assigned in the declaration was that the defendants, Dickens and Wait, were not, at the time of executing the deed, seized of 23 acres of the land included within the boundaries set forth in the deed, and that one Ann Horton was seized in fee of the said 23 acres at the time the said deed was executed, and was thereof possessed, and was so seized and possessed long before that time and ever since.
The defendants, among other pleas, pleaded, "That the plaintiff, before the commencement of this suit, had sold and conveyed in fee simple the lands mentioned in the said deed, to R. B." To this plea the plaintiff demurred, and the defendants joined in demurrer.
The jury found for the plaintiff upon both counts in the declaration, and assessed damages, and the case was sent to the Supreme Court upon the following points: 1. Ought the demurrer to be sustained? 2. Is the plaintiff entitled to judgment on the first count? 3. Will an action of covenant lie upon the warranty contained in the deed mentioned in the second count?
So large a proportion of the contracts of the people of this State arises from the commerce in lands that it is of great consequence to render all those rules which relate to contracts and warranties explicit and intelligible; (345) hence, confidence and security will be promoted, litigation suppressed, and a greater degree of precision introduced into deeds than it is now customary to employ. The necessity of this will be manifest from a very slight attention to the principles which relate to the subject. We are in this case called upon to decide whether an action of covenant will lie upon the deficiency of 5 1/4 acres stated in the first count of the declaration. The deed is a bargain and sale, and contains no warranty, nor covenant to warrant; it must therefore be considered *Page 242 
to have been the intention of the bargainor, and to have been so understood by the bargainee, that no warrant accompany the sale. However equitable it may appear, on principle, that compensation should be made by the seller upon a deficient quantity (and the civil law adopts that idea), yet, according to the established theory of the common law, no action can be sustained where the sale is free from the imputation of fraud. "The word warrantizo," says Littleton, 735, "maketh the warranty, and is the cause of warranty, and no other word in our laws." If the seller in any case should conceal from the buyer a fact or instrument which would disclose a defect in the title, or neglect to inform him of an encumbrance to which it is subject, these and other similar cases of fraud may be remedied by an action on the case, in the nature of an action of deceit; and in such cases the action may be maintained, not only where there is no warranty, but where the warranty does not reach the particular defect. Coke Litt. in Notes. Cases of fraud form an exception to many of the rules of common law, a strongly marked feature of which is to prevent the contrivers of dishonest attempts from being benefited by them, and to break down every barrier behind which covin seeks to intrench itself. The next inquiry is, Whether the deed contains any words from which a warranty can be implied. And here it might be sufficient (346) to say that the deed is of that class which derive their principal efficacy from the statute of uses; that it was seldom resorted to before the statute, and that it is only in the common-law conveyances of feoffment, confirmation, release, etc., that particular words imply a warranty. It may, however, be a more satisfactory ground of decision to consider this case as if the action was brought upon a common-law conveyance. We will therefore examine the doctrine upon this subject as it is laid down by the most approved writers. The statute "De Bigamis" is laid down by Lord Coke, ch. 6, to be declaratory of the common law in relation to this point. According to this statute, "in deeds wherein is contained `dedi andconcessi,' without homage or without a clause of warranty, and to be holden of the givers and their heirs by certain services, it is agreed that the givers and their heirs shall be bound to warranty; and where is contained `dedi' and `concessi,' etc., to be holden of the chief lord of the fee, and not of the feoffors and their heirs, reserving no services, without homage or without the aforesaid clauses, their heirs shall not be bound to warranty, notwithstanding the feoffor, during his own life, by force of his own gift, shall be bound to warranty." Thus it appears by this statute that the word "dedi" bound the feoffor and his heirs to *Page 243 
warranty, and the reason of it, according to Lord Coke, was, "That when`dedi' is accompanied with a perdurable tenure of the feoffor and his heirs, then `dedi' importeth a perdurable warranty, from the feoffor and his heirs to the feoffee and his heirs." 2 Inst., 275.
The statute of quia emptores afterwards abolished subinfeudations, and consequently with them the warranty, so far as it respected the heirs of the feoffor; because, as this was a consequence of tenure, it could not subsist without it. Thenceforward the implied warranty only bound the donor during his own life, and except in the case of homage auncestrel, the heirs could not be bound without an express warranty. (347) But there is no other word besides "give" which implies a warranty in the conveyance of fee-simple estates (Coke Lit., 385), consequently, neither the nature of the deed itself in the present case nor the words contained in it will permit us to imply a warranty. On the first count, therefore, the defendant is entitled to judgment.
By the warranty, which is the foundation of the second count, it must be admitted that an obligation is created which in England is enforced by a writ of warrantia chartae or by voucher. The first has never been used in this State; the second is permitted only in real actions, which has never been resorted to here. Unless, then, an action of covenant is sustained, the party who has an acknowledged legal right is without remedy. The reason why an action of covenant lies not in England on a warranty is that the party has a higher and better remedy, which the law always compels a person to use. But even there, if that remedy cannot be afforded him, the law permits him to bring covenant: as if a term for years only be recovered out of an inheritance which has been warranted to him, as in this case, he could not vouch, for that is permitted only in real actions; nor could he bring a warrantia chartae, for that is where some person demands or claims the fee of him. Of necessity, it gives a lesser remedy. This doctrine is exemplified in Pencombe v. Rudge, Yelverton, 139. We therefore think that the action of covenant will lie upon the warranty contained in the second count in the declaration.
With respect to the plea relied upon, and which forms a part of the case, the Court are not aware of any principle upon which it can be sustained. Had the suit been brought in the name of the plaintiff's vendee, there might have been some ground for an objection; for as the breach was coeval with the covenant, the right to sue was a chose in action, the propriety of assigning which is at least questionable. But it is evident that as the *Page 244 
defendants were not seized of the twenty-three acres when (348) they sold, nothing passed to the plaintiff by the deed, and he could convey nothing to R. B. Consequently, with respect to the quantity in dispute, the plea fails in point of fact. We think the plea should be overruled and the demurrer sustained. Let judgment be entered for the plaintiff.