## L. VYNE v. FOGLE BROS. CO.

(Filed 6 November, 1918.)

**1. Evidence— Adverse Parties— Examination— Clerks of Court — Courts— Jurisdiction.**

Proceedings to examine an adverse party before the clerk or upon commission must be instituted after summons has been issued and action commenced, and on motion before the clerk of the Superior Court of the same county or the judge presiding over that court, or holding the courts of the district; and a clerk of another county, where the action is not pending, is without jurisdiction over the proceedings, and his order made therein will be quashed. Revisal, sec. 866.

**2. Same—Appeal and Error—Fragmentary Appeals.**

An appeal to the Supreme Court will directly lie from the refusal of the Superior Court judge to vacate an order of the clerk of that court to ex-

amine an adversary party to an action pending in another county; and there being no cause therein in which an exception may be noted and preserved, an objection that the appeal is fragmentary cannot be sustained.

MOTION to set aside and vacate an order for examination of defendants, under provision of section 866 of Revisal, made by the clerk of the Superior Court of Forsyth County, heard upon appeal by *Shaw, J.,* at February Term, 1918, of said county.

The judge affirmed the order of the clerk. Defendants appealed.

*Hastings, Stephenson & Whicker and Hackett & Gilreath for plaintiff.*
*Louis M. Swink for defendants.*

BROWN, J. It is admitted that no such cause as is entitled above is pending in Superior Court of Forsyth County, although there is such a cause pending in the Superior Court of Wilkes. No examination can be had in any case until the summons had been issued and the suit commenced in the Superior Court of the county. The motion for an examination must be made before the clerk of the Superior Court where the suit is pending or before the pudge presiding in that court or holding the courts of the district. The party may be examined before a commissioner appointed to take the examination, but the commission must issue out of the court in which the cause is pending. This is the plain purport of sections 865 and 866 of the Revisal. It is not contemplated by the statute that the clerk of Forsyth Superior Court shall have jurisdiction to make an order in a cause pending in Wilkes. If that were the law, then every other clerk of the Superior Court in the State could make an order for the examination of a party without regard to where the action was pending. Such construction of the statute would produce infinite confusion and lead to greater hardships and would make the statute "the means of the greatest abuse and oppression," as said by *Justice Walker* in *Smith v. Wooding,* 94 S. E., 405.

This statute is discussed by *Chief Justice Smith* in *Strudwick v. Brodnax,* 83 N. C., 403, and it is there recognized that the examination must be taken before a judge or clerk of the court wherein the cause is pending. It was afterwards provided by the Legislature that commissioners could be appointed. This case was reconsidered in *Commissioners v. Lemly,* 85 N. C., 342, and somewhat modified, but the principle was left intact, that the proceeding to examine a party must be taken in the cause pending between the parties.

The position that the appeal is premature cannot be maintained. None of the reasons given in *Vann v. Lawrence,* 111 N. C., 32, or *Holt v. Warehouse Co.* apply here. No action was pending in Forsyth

County, and therefore no exception could be taken and preserved while the trial proceeds. An exception cannot be taken in Forsyth when the trial takes place in Wilkes. It is a question of jurisdiction as to whether this proceeding can be commenced in Forsyth, and we are of opinion that the clerk was without jurisdiction, and that the proceeding must be quashed.

Error.