T. M. SMALL et al. v. COUNCILMEN OF EDENTON.

(Filed 19 February, 1908).

1. **Ordinances—Malice or Bad Faith—Reasonableness—Questions for Court.**
   When there is no evidence of malice or bad faith, the reasonableness of a city ordinance is a question of law for the court.

2. **Ordinances—Stationary Awnings—Reasonableness.**
   An ordinance is reasonable and valid which requires all stationary awnings (with posts resting upon the sidewalks) in the town to be removed by a certain day fixed, and imposes a fine of fifty dollars upon the owners failing to so remove them, and provides for their removal by the town constable.

*State v. Higgs*, 126 N. C., 1026, overruled.

CIVIL ACTION, tried before *O. H. Allen, J.,* and a jury, at Fall Term, 1907, of the Superior Court of CHOWAN County.

From judgment for defendants plaintiffs appealed.

The facts sufficiently appear in the opinion of the Court.

*C. S. Vann, Aydlett & Ehringhaus* and *W. M. Bond* for plaintiffs.

*Pruden & Pruden* and *Shepherd & Shepherd* for defendants.

CLARK, C. J.   The councilmen of the town of Edenton, after full notice and full public discussion, and after hearing petitions for and against it, adopted the following ordinance: "That all stationary awnings (that is, awnings with posts

resting on the sidewalk) in the town of Edenton be removed by 1 February, 1907. Any person, firm or corporation owning such awning who fails to comply with said ordinance shall be fined fifty dollars, and the constable of Edenton shall remove such awning." The plaintiffs were a firm who had a stationary awning in front of their store, extending over the sidewalk. This is an action seeking a perpetual injunction against the town to restrain it from removing plaintiffs' awning .under the authority of said ordinance.

It was contended here that the posts upon which the awning rested were placed beyond the edge of the sidewalk, but the testimony of Mr. Bond, one of the plaintiffs, was that the sidewalk was 15 or 16 feet wide, and that the posts were set in the ground 14 feet from the wall of the plaintiffs' store, and it is admitted in the record by plaintiffs that Mr. Bond's testimony on this matter is correct. The plaintiffs asked no instructions based on a contrary state of facts. Besides, it would not be a material circumstance, for the ordinance is clearly intended to require the removal of "stationary awnings" extending over the sidewalk, because of their obstruction to putting out fires, of the often dilapidated condition and unsightliness of many of them, and for other reasons; and whether the posts were placed just inside or just outside the edge of the sidewalk does not affect the scope and purpose of the ordinance or its application.

The ordinance was within the powers of the governing board of the town, and was properly held by his Honor to be reasonable. If it does not meet the approval of the citizens of the town, they can secure its repeal by instructing their town council to that effect, or by electing a new board. Such local matters are properly left to the people of a self-governing community, to be decided and determined by them for themselves, and not by a judge or court for them.

The true rule is well stated by *Burwell, J.,* in *Tate v. Greensboro,* 114 N. C., 399: "It is not for a court and jury

to review the conduct of the proper municipal authorities in such a matter as that now under consideration." In *Barnes v. District of Columbia,* 91 U. S., 540, it is said: "The authorities state, and our own knowledge is to the effect, that the care and superintendence of streets, alleys and highways, the regulation of grades and the opening of new and the closing of old streets are peculiarly municipal duties. No other power can so wisely and judiciously control this subject as the authority of the immediate locality where the work is to be done. The wisdom of this rule is well illustrated by this action. Complaints were made, it seems, by citizens that these trees were injurious to the public way and, in their effects, perhaps, to the public health. The proper authorities of the city, clothed with the power to repair the streets and protect the public health, listened to these complaints, and, in the exercise of their best judgment, so far as it appears, decided that the interest of the community required their removal. The proposition of the plaintiffs is that a jury shall judge of the correctness of this conclusion, and if they find that the officials committed what they think was an error they and the city shall be mulcted in damages. The maintenance of such an action would transfer to court and jury the discretion which the law vests in the municipality, but transfer it, not to be exercised directly and finally, but indirectly and partially by the retroactive effect of punitive verdicts upon special complaints." Cooley Const. Lim. (6th Ed.), 255.

Suppose another owner on this street, with similar awnings, were to bring suit and it was left to a jury. The jury in each case might decide differently, and here would, indeed, be an anomaly in government. Revisal, sec. 2930, provides that the town council "shall provide for keeping in proper repair the streets and bridges in the town, *in the manner and to the extent they may deem best.*"

146—34

The reasonableness of án ordinance is for the court, the jury only being called in to find the facts, when in dispute. Abbott Mun. Corp., sec. 545; Smith Mun. Corp., sec. 1133.

Upon the whole testimony in this case, the court properly instructed the jury that this ordinance was reasonable. As there was not the slightest evidence of malice or bad faith, the reasonableness of the ordinance was purely a matter for the court. The town authorities are vested with large discretionary powers, especially in respect to streets; and if every ordinance were subject for approval upon the verdict of juries, it would be impossible to regulate the streets and sidewalks so as to secure uniformity, convenience, protection from fire, proportion and sightliness and other necessary things incident to the growth and development of modern municipalities. These views are distinctly declared in *Tate v. Greensboro,* 114 N. C., 399, which case is really decisive of this. That authority has often been cited, and we adhere to it. *State v. Higgs,* 126 N. C., 1026, relied on by plaintiff, is in conflict with it and is overruled. The latter case was based, as this is, upon the assumption that the removal of the sign projecting into the street was dependent on its being a nuisance. If so, the conclusion would have followed that the issue of nuisance should have been found by the jury. But the real question was as to the power of the city authorities to pass such ordinance, and its reasonableness. These were matters for the court, and, under *Tate v. Greensboro,* the authorities of the town were within their right. The only fact was whether the defendant had violated the ordinance, which was not disputed.

No Error.