N. B. BARGER v. R. H. SMITH AND J. D. SMITH.

(Filed 18 October, 1911.)

1. Cities and Towns—Ordinances—Discrimination—Nuisances—Power of Courts.

The courts will not inquire into the motives of the authorities of a town in passing an ordinance, or as to whose influence caused its passage; but when an ordinance depends upon the power of the town authorities to declare a certain act a nuisance, or whether the ordinance is oppressive or discriminative, it is subject to judicial review.

2. Same—Injunction—Issues of Fact—Questions for Jury—Hearing —Questions of Law.

A town ordinance prohibited the erection of any sawmill or other steam mill within certain boundaries. Within these boundaries the defendant had begun to erect a sawmill before the passage of the ordinance, and was stopped by a restraining order at the suit of plaintiff, who, defendant alleged, was interested in a sawmill operated in the prohibited territory without molestation. The defendant denied that the operation of his sawmill was a nuisance under the conditions and surroundings of its location: *Held*, (1) a permanent injunction should have been refused and the restraining order continued only to the hearing; (2) operating a sawmill is not a nuisance *per se*, and it is a question of law whether it was a nuisance under the circumstances, or whether there was a discrimination, dependent upon what the jury found the facts to be.

APPEAL by defendant from *Whedbee, J.,* at April Term, 1911, of WAYNE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Aycock & Winston and M. T. Dickinson for plaintiff.*
*Langston & Allen for defendant.*

CLARK, C. J.   On 18 January, 1911, the Commissioners of the Town of Pikeville passed an ordinance prohibiting the erection or operation of any sawmill or other steam mill within certain boundaries within said town, which are set out in the ordinance.   Prior to the adoption of said ordinance the defendants had begun the erection of a sawmill and gin within said territory.   Upon the block on which the mill was being erected there were only four residences and three stores, all on the east side of said block, the mill being on the west side, which till then had been used for farming purposes.   The town of Pikeville is a village of 310 inhabitants.   The defendant alleges that the plaintiff Berger owns a third interest in a rival plant of similar character which was being operated nearer the heart of the village.   The defendants continued the erection of their plant until they were enjoined in this proceeding.

"An ordinance must not be oppressive or discriminating, but must be reasonable and lawful."   2 Dill. Mun. Corp. (5 Ed.), sec. 589; 2 Abb. Mun. Corp., sec. 545.   When an ordinance is "within the grant of power to the municipality, the presumption is that it is reasonable, unless its unreasonable character appears upon its face.   But the courts will declare an ordinance to be void because unreasonable upon a state of facts being shown which makes it unreasonable."   *Ib.,* sec. 591, and cases there cited.   It is further said that "an ordinance must be impartial, fair, and general.   It would be unreasonable and unjust to make under the same circumstances an act done by one person penal and done by another not so.   Ordinances which have this effect cannot be sustained.   Special and unwarranted discrimination or unjust or oppressive interference in particular cases is not to be allowed."   *Ib.,* 593.

Upon the allegations in the answer, if found to be true, the defendant was forbidden by this ordinance to erect and operate

his steam mill in the edge of town, while the rival plant in which the plaintiff is interested is being operated much nearer the heart of town without restriction. The answer further alleges that this ordinance was procured to be passed by the influence of the plaintiff. While the courts cannot inquire into the motives in passing an ordinance, it is competent to inquire into allegations as to the ordinance being oppressive or discriminative. Ordinances in regard to a subject peculiarly within the duties of the town authorities, such as the regulation of streets and the like, are usually conclusive. But when an ordinance like this depends upon the power to declare the subject-matter a nuisance, it is a subject of judicial review. In some cases the court will determine whether the subject-matter is a nuisance per se as a matter of law from its nature or from the attendant circumstances. Here there are disputed allegations of fact as to discrimination and whether the steam plant is in fact a nuisance. It is not a nuisance per se, though its location may make it such. In such case the disputed facts should be submitted to a jury and upon the issues found the court will determine whether, as a matter of law, the ordinance is reasonable or not. In.Small v. Edenton, 146 N. C., 530, it is said: "The reasonableness of an ordinance is for the court, the jury only being called in to find the facts when in dispute." Citing Abb. Mun. Corp., sec. 545; Smith Mun. Corp., sec. 1133. In that case it is said that the issue of nuisance in many cases must be found by the jury.

We are of opinion that the disputed issues of fact should have been submitted to the jury. The court should not have granted a perpetual injunction, but at the utmost should have granted the restraining order to the hearing.

The judgment below is thus modified. The plaintiff will pay the costs of this appeal.

Modified.

WALKER, J. I concur in the conclusion reached by the Court in this case, but it must not be understood that, in doing so, I am committed to the doctrine that the State, or any one of its municipalities, cannot, in the exercise of its police power, enact

a law or pass an ordinance forbidding the erection of a mill within limited and defined territory, and declaring the same to be a nuisance. There are many reasons which can be assigned for holding, in view of the nature of such plants, with their smoke, noise, etc., that the right to legislate by statute or ordinance against them falls within the general police power. But any ordinance may be declared void, if in itself, or because of the peculiar facts and circumstances which gave rise to its adoption, or with reference to which it must be enforced, it will be unreasonable and oppressive in its operation. For this reason I think the Court is right in modifying the order and requiring that the injunction should extend only to the hearing, so that the facts in this particular case may be found by a jury, when we can the more intelligently pass upon the validity of the ordinance in question.

HOKE, J., concurs in this opinion.