EVA MUNDAY v. TOWN OF NEWTON, G. A. WARLICK ET ALS.

(Filed 9 December, 1914.)

**Municipalities—Cities and Towns—Shade Trees—Streets and Sidewalks—Interpretation of Statutes—Discretionary Powers—Courts.**

The board of commissioners of a town or city are charged with the duty, among others, of keeping its streets, which includes its sidewalks, in proper repair (Revisal, sec. 2930), and in the exercise of this authority, unless done negligently or maliciously, the municipality is not responsible in damages to its citizen, owning property abutting upon the street, for cutting down shade trees on the sidewalk in front of his property; nor is this principle affected by the facts in this case, that the street was wider in front of the plaintiff's property than elsewhere, it appearing that the plaintiff had dedicated a strip of land to the public use as a sidewalk, the trees in question being over the outer edge of the sidewalk next to the street.

APPEAL by defendants from *Long, J.,* at July Term, 1914, of CATAWBA.

*Self & Bagby and R. R. Moose for plaintiff.*

*W. B. Gaither, A. A. Whitener, and Walter C. Feimster for defendants.*

CLARK, C. J.  The plaintiff seeks to recover damages alleged to have been suffered by reason of cutting down certain shade trees on the sidewalk in the town of Newton in front of the plaintiff's property.

The town of Newton was making improvements on its streets, the work being done under the supervision of the authorities of the town. The plaintiff has also made the mayor of the town, the members of the board of aldermen, and the township road commissioners defendants, officially and individually.

The town of Newton in improving College Street found it necessary, in the opinion of its authorities, to remove certain shade trees which stood in the street or sidewalk in front of plaintiff's property. This was a matter within the discretionary power of the board of aldermen, and unless done negligently or maliciously or wantonly—and of this there was no evidence—the plaintiff is not entitled to recover. It appears from the evidence that the cutting of the trees was done in good faith and with a view to the public improvement. If there was a mistake in judgment on the part of the town authorities, it cannot be corrected either by the Superior Court or by this Court.

This matter was fully discussed and determined in *Brodnax x. Groom,* 64 N. C., 244, where *Pearson, C. J.,* says: "This Court is not capable of controlling the exercise of power on the part of the General Assembly, or of the county authorities, and it cannot assume to do so without putting itself in antagonism as well to the General Assembly as to the county

authorities and *erecting a despotism of five men,* which is opposed to the fundamental principles of our Government and the usages of all times past. For the exercise of powers conferred by the Constitution the people must rely upon the honesty of the members of the General Assembly and of the persons elected to fill places of trust in the several counties. This Court has no power and is not capable, if it had the power, of controlling the exercise of power conferred by the Constitution upon the legislative department of the Government or upon the county authorities."

*Brodnax v. Groom, supra,* has been time and again cited with approval by this Court. See Anno. Ed.

Revisal, 2930, provides: "The board of commissioners of a town or city shall provide for keeping in proper repair the streets (which of course includes the sidewalks) and bridges in the town in the manner and to the extent they may deem best," etc. This power, when exercised in good faith, is not reviewable by the Court. *Small v. Edenton,* 146 N. C., 529, citing *Barnes v. District of Columbia,* 91 U. S., 540; Cooley Const. Lim. (6 Ed.), 255.

The charter of Newton (Private Laws 1907, ch. 34, sec. 62) provides: "The board of aldermen shall have the power to lay out, change, and open new streets and sidewalks, to widen, change in any way or extend those already open; to grade, macadamize, pave, concrete, cement, or in any other way improve the streets and sidewalks of the town, as they may deem best for the public good; to acquire, lay out, establish, and, with the mayor, regulate and control parks, squares, or other public grounds, within or without the town limits, for the use of the town; to protect and regulate the planting of trees on the streets, sidewalks, public parks and squares of the town, and to top and train the same, to remove any trees or parts of trees or roots interfering with improvements from time to time," etc. The board of aldermen of Newton, therefore, not only have the power under the general law to improve the streets and sidewalks of the town, but they have the special power conferred upon them (which is embraced in the general power, anyway) to remove any trees or parts thereof as they may deem proper for the improvement of the streets or sidewalks of the town.

This power was conferred by the Legislature, and the courts cannot interfere with it except in cases of fraud or of oppression on the part of the authorities, of which there is no evidence in this case. This has been so well settled that it is sufficient to cite a few of the cases. *Tate v. Greensboro,* 114 N. C., 392; *Dorsey v. Henderson,* 148 N. C., 423; *Rosenthal v. Goldsboro,* 149 N. C., 128; *Moore v. Power Co.,* 163 N. C., 302; *Jeffress v. Greenville,* 154 N. C., 490; *Newton v. School Committee,* 158 N. C., 188; *Hoyle v. Hickory,* 164 N. C., 79.

In *Jeffress v. Greenville, supra,* the facts were almost identical with these. There it was sought to enjoin the town authorities from cutting down a row of shade trees, standing on the outer edge of the sidewalk in front of plaintiff's residence in Greenville, for the purpose of widening the street. The point is there fully discussed by *Mr. Justice Walker* and in the most conclusive manner.

In *Newton v. School Committee, supra, Mr. Justice Hoke* says: "In numerous and repeated decisions the principle has been announced and sustained that the courts may not interfere with discretionary powers conferred on these local administrative boards for the public welfare unless their action is so clearly unreasonable as to amount to an oppressive and manifest abuse of discretion."

The facts here are even stronger than in *Jeffress v. Greenville, supra,* for there the trees were cut down in order to widen the street. Here the plaintiff is contending that the street is wider in front of her property than at another point on said street, and that if the street in front of her house was narrowed to the same extent these trees would not be in the street. But it appears that the street in front of her property was thus widened some thirty-five or forty years ago. The property has thus been dedicated to the public. The trees are in the street, over the outer edge of the sidewalk next to the street, and the town authorities, in the exercise of the discretion conferred on them both by the general statute and specially by the charter of the town, were within the exercise of their discretion in what they did.

Upon the evidence the motion for nonsuit ought to have been directed. Reversed.