TOWN OF CLINTON, AND HENRY VANN, MAYOR, AND J. A. POWELL, F. L. TURLINGTON, D.· L. BONEY, AND F. B. JOHNSON, COMMISSIONERS OF SAID TOWN OF CLINTON, v. STANDARD OIL COMPANY.

(Filed 23 March, 1927.)

**Municipal Corporations—Cities and Towns—Fire Districts—Ordinances —Discrimination—Constitutional Law—Monopolies.**

Ordinances for the erection and maintenance of filling stations within a prescribed fire limit of a town must be of uniform application and indiscriminatory, and where there are several such stations conducting business within such fire limits, an ordinance prohibiting the erecting of another filling station of the same kind as existing therein is void, as tending to create a monopoly forbidden by our State Constitution, Art I, sec. 31; Const. 1776, Declaration of Rights, sec. 23.

APPEAL by plaintiffs from *Grady, J.,* at chambers in Clinton, 20 November, 1926. From SAMPSON. Affirmed.

*Faircloth & Fisher and Butler & Herring for plaintiffs.*
*Graham & Grady and Pou & Pou for defendant.*

CLARKSON, J. This is an action brought by plaintiffs against defendant, seeking injunctive relief and praying that a permanent restraining order be granted enjoining the defendant from erecting and operating a filling station for storing and retailing kerosene oil, gasoline and oils, within the fire district or fire limits of the town of Clinton, contrary to an ordinance of the town of Clinton.

The sole question involved is the validity of an ordinance of the town of Clinton, N. C., adopted 1 August, 1925, as follows:

*"Resolved, that no more filling stations for storing and retailing kerosene oil, gasoline and oil be permitted to be erected and maintained within the fire district of the town of Clinton heretofore established and described."*

A violation of the ordinance is made punishable by fine, not exceeding $50, or imprisonment according to law (which could not exceed 30 days), in the discretion of the mayor.

It appears from the findings of fact by the court below that there are *now six places inside the fire district or fire limits where gasoline is sold.*

"This Court has held that the business of dealing in gasoline and oil is legitimate business in municipalities, and not a nuisance *per se,* so all persons have the right to engage in this business upon equal terms and conditions." *Bizzell v. Goldsboro,* 192 N. C., p. 355. *Hanes v. Carolina Cadillac Co.,* 176 N. C., 351; *Sherman v. Levingston,* 128 N. Y. Sup., 581; *Weaver v. Palmer Bros. Co.,* 46 Sup. Court. Rep., p. 320, decided 8 March, 1926.

Blashfield Cyc. Automobile Law (1927), vol. 3, p. 2675, citing the *Hanes case, supra,* says: "The business of conducting an automobile garage, or a supply station for automobiles, is not generally regarded by the courts as a nuisance *per se,* but, on the contrary, is considered a legitimate and necessary industry. One Court has said that public garages are absolutely necessary to the progress of the community, and that each member must suffer the incidental damage and liability to danger which arises from their nonnegligent use."

Plaintiffs argue that the fire district ordinances prescribe the limits of the district and prohibit further *erection* or repair of any building within these limits unless of brick, etc., without a word as to use and operation of wood or frame buildings already within said district. Is the fire district ordinance for this reason void? If not, is the ordinance in question void? Surely, it is the policy under such fire

28—193

district ordinances, that as wood and frame buildings are destroyed or removed, they must be replaced by fireproof buildings, and as filling and storage stations already in the district pass out, they cannot return. Is not the principle the same in both cases? It is a bad rule that will not work both ways. The vice of plaintiffs' contention is patent. The fire district ordinances regulate. All who *build* or *repair* must do so usually out of certain fireproof material, and all come under the regulations. No discrimination or favoritism. These regulations will apply to defendant if it builds in the limits. The fire limit regulations are sane and sensible fire preventions, and within the police power, and a great protection to the public. C. S., Municipal Corporations, Art. 11, mentions them: "Regulation of Buildings." The present ordinance does not regulate, but keeps alive the six gasoline places inside the fire limits where gasoline is sold, and prohibits defendant from carrying on a like legitimate business in the same limits. It discriminates against defendant and gives a monopoly to those now carrying on the business in the district. It is no regulation; it is a prohibition.

"A frequent recurrence to fundamental principles is absolutely necessary to preserve the blessing of liberty." Const. N. C. (1868), Art. I, sec. 29. Const. 1776, Decl. Rights, sec. 21. "Perpetuities and monopolies are contrary to the genius of a free state, and ought not to be allowed." Const. N. C., 1868, Art. I, sec. 31; Const. 1776, Decl. Rights, sec. 23.

In *Tugman v. City of Chicago,* 78 Ill. Reports, p. 409, the Court, speaking to the subject, says: "If one of the citizens of Chicago is permitted to engage in the business of slaughtering animals in a certain locality, an ordinance which would prevent, under a penalty, another from engaging in the same business, would not only be unreasonable, and, for that reason, void, but its direct tendency would be to create a monopoly, which the law will not tolerate. The fact that certain persons were engaged in the business within the district designated in the ordinance at the time of its adoption gave them no right to monopolize the business, nor would such fact authorize the board of health to provide that such persons might continue the avocation, while others should be deprived of a like privilege who should engage in the business at a later period. . . . A regulation of this character, to be binding upon the citizen, must not only be general, but it should be uniform in its operation." *City of Lake View v. Tate,* 130 Ill., p. 247; *People v. Village of Oak Park,* 266 Ill., p. 365; *Billings v. Cook,* 35 Mont., p. 95; *May v. People,* 7 Colo. App., 157, 27 Pac. Rep., 1010.

In *Crowley v. West,* 47 Law Rep. (63 La. Ann., 526), at p. 655, the Court, speaking to the question, said: "We have, then, a case in which it appears that a person engaged in a business which is conceded to be

lawful, in which four other persons or firms are engaged, in the same town, and which, so far as the record discloses, is conducted properly and inoffensively, is nevertheless, by the operation of a municipal ordinance, arrested and fined because he has failed to establish his said business in part of the town remote from the business center, rather than at the place which he considers most advantageous; and it further appears that the other four persons or firms engaged in the same business are not to be affected by the ordinance, but are to be permitted to conduct their business where they please, and that it naturally pleases them to remain in the central part of the town, from which the defendant is to be permanently excluded. The proposition that the defendant can be thus discriminated against, and that his four competitors in business can be thus secured the monopoly in perpetuity of the livery-stable business in Crowley, cannot be seriously entertained," citing numerous authorities.

The principle is well settled that ordinances must be uniform, fair, and impartial in their operation. They must be reasonable and not arbitrary. There can be no discrimination against those of the same class. The regulation must apply to all of a class. An ordinance that grants rights—the enjoyment must be to all, upon the same terms and conditions. An ordinance cannot penalize one and for the same act, done under similar circumstances, impose no penalty. No ordinance is enforceable in matters of this kind, a lawful business, that does not make a general or uniform rule of equal rights to all and applicable to all alike—then there can be no special privilege or favoritism. The right of individuals to engage in a lawful calling and use their property for lawful purposes is guaranteed to them. *Barger v. Smith,* 156 N. C., p. 323; *Bizzell v. Goldsboro, supra; S. v. Fowler, ante,* 290; McQuillin Municipal Ordinances, sec. 193; Dillon on Municipal Corporations, 5 ed., vol. 2, sec. 593; *Weadock v. Judge,* 156 Mich., 376; *Los Angeles County v. Hollywood Cemetery Assn.,* 124 Cal., 344; *City of Seattle v. Dencker,* 58 Wash., 501.

One of the able and distinguished attorneys for the defendant, *Standard Oil Company,* who argued the case in this Court, with persuasive logic, contended that monopoly came from two Greek words meaning "sole-seller"; that the six present sellers would be the sole sellers for all time in perpetuity, excluding the Standard Oil Company, and this was a monopoly—a wrong done to a legitimate business, so declared by this Court. To all of which we agree. It may be said, in reference to defendant, by way of pleasantry:

> "The Devil was sick—the Devil a monk would be;
> The Devil was well—the Devil a monk was he."

We will not discuss the anomoly of plaintiff's bringing an action to enforce its own ordinance, praying injunctive relief; but decide the case on its merits, as the point is not raised by the parties.

For the reasons given, the ordinance is void. The judgment of the court below is

Affirmed.