### H. M. BURDEN v. TOWN OF AHOSKIE ET AL.

(Filed 11 December, 1929.)

**Municipal Corporations H b—In this case held: ordinance in respect to erection of filling stations was not uniform, and was void.**

A town ordinance which attempts to prohibit the erection of gasoline filling stations within three hundred feet of the public schools of a town is void when there are already filling stations therein within the restricted area, the ordinance not being uniform in its application, and having the effect of giving the filling stations already erected a monoply, and the plaintiff is entitled to mandamus to compel the issuance of a permit for a filling station on his land within the area, and his right to this relief is not affected by a third ordinance requiring that the filling stations already erected be removed by a certain date in the future, the owners of the existing filling stations not being parties to the action and their right to operate said filling stations after the date fixed not being before the Court.

CIVIL ACTION, before *Midyette, J.* From HERTFORD.

On 30 August, 1926, the board of commissioners of Ahoskie adopted the following ordinance: "No building or construction shall be begun or enlarged within the corporated limits of Ahoskie unless a general description, location and approximate cost of same are submitted to and approved by the mayor and a majority of the commissioners," etc.

Thereafter on 20 May, 1929, the town of Ahoskie adopted the following ordinance: "It shall be unlawful for any person, firm or corporation, to build, erect or maintain any dance hall, gasoline filling station, carnival or tent show, or pool room within three hundred feet of the property of the Ahoskie Graded School," etc.

The plaintiff, in April, 1929, purchased a lot at the intersection of the west margin of West Main Street with the northern margin of the State highway, which said lot is 166.5 feet from the school building. On 13 May, 1929, the plaintiff duly applied to the mayor and board of com-

missioners of the town of Ahoskie for a building permit to construct and operate on said lot an automobile service station commonly known as a "filling station," agreeing if the permit were issued to conform to all building laws and regulations. On 20 May, 1929, after adopting the second ordinance above referred to, the board of commissioners and mayor declined to grant the permit. Thereupon on 29 May, plaintiff instituted a civil action against the town of Ahoskie and the commissioners of said town for the purpose of compelling said defendants by mandamus to issue a building permit for the construction of said filling station.

After suit was instituted a third ordinance was adopted by the town, reading as follows: "It shall be unlawful for any person, firm or corporation, to build, erect or maintain any dance hall, gasoline filling station, carnival or tent show, or pool room within three hundred feet of the property of the Ahoskie Graded School; . . . and any person, firm or corporation violating this ordinance shall incur a penalty of $50 for each offense: . . . *Provided* that any dance hall, gasoline filling station, carnival or tent show which may now be in operation or process of construction within 300 feet of said school property shall have until 1 January, 1930, to be removed therefrom."

It appears from the record that at the time the plaintiff applied for a permit there were two filling stations in operation within 300 feet of the school building. One, known as Moore's filling station, is situated 194 feet from the school property, and the other, known as Brewer's Filling Station, is situated 268 feet from the school building. The location of the filling stations in operation and the location of plaintiff's lot is shown on the map hereto attached.

The judge of the Superior Court denied the writ of mandamus and the plaintiff appealed.

*A. T. Castelloe for plaintiff.*
*Travis & Travis and Alvah Early for defendants.*

BROGDEN, J. Are ordinances of a municipality valid, which prohibit the erection of a filling station within 300 feet of a school building, when there are now two other filling stations of similar kind constructed and in operation within a distance of 300 feet from said building?

In *Bizzell v. Goldsboro,* 192 N. C., 348, 135 S. E., 50, it was written: "The law does not permit the enjoyment of one's property to depend upon the arbitrary or despotic will of officials, however well-meaning, or to restrict the individual's right of property or lawful business without a general or uniform rule applicable to all alike."

BURDEN *v.* AHOSKIE.

In substance and effect the ordinances under consideration in the case at bar are similar to the ordinances involved in the case of *Clinton v. Oil Co.,* 193 N. C., 432, 137 S. E., 183. In that case the Court said: "The principle is well settled that ordinances must be uniform, fair, and impartial in their operation. . . . There can be no discrimination against those of the same class. The regulation must apply to all of a

class. An ordinance that grants rights—the enjoyment must be to all, upon the same terms and conditions. An ordinance cannot penalize one and for the same act, done under similar circumstances, impose no penalty. No ordinance is enforceable in matters of this kind, a lawful business, that does not make a general or uniform rule of equal rights to all and applicable to all alike—then there can be no special privilege or favoritism." The Court further said: "The present ordinance does not regulate, but keeps alive the six gasoline places inside the fire limits where gasoline is sold, and prohibits defendant from carrying on a like legitimate business in the same limits. It discriminates against defendant and gives a monopoly to those now carrying on the business in the district. It is no regulation; it is a prohibition."

Applying these announced principles of law to the facts appearing in the record, it is manifest that the ordinances give life to the two filling stations now in operation within a distance of 300 feet, but pronounce the sentence of death upon any other filling station of like kind and character within the identical area. In the terse language of the *Clinton case, supra,* "this is not regulation, but prohibition."

It is strenuously argued that the effect of the third ordinance, passed after the action was instituted, is to remove the filling stations now in said area by 1 January, 1930, and that therefore on that date no filling station will be permitted within the area. Hence there would be no monopoly or discrimination. The fact that the ordinance was passed after the suit was instituted has no bearing upon the question at issue. *Refining Co. v. McKernan,* 179 N. C., 314, 102 S. E., 505. However, the plaintiff is entitled to have his case considered upon the record as it now appears. Certainly it is not unlawful for these filling stations now in the area to operate until 1 January. The ordinance expressly recognizes such right. The owners of these operating filling stations are not parties to this action, and hence the right to operate said filling stations after 1 January, 1930, is not now before this Court.

The sole question for determination is whether the plaintiff is entitled to the relief requested upon the record as now presented. A consideration of the case, in such aspect, leads to the conclusion, under the circumstances, that the plaintiff was entitled to the relief sought for, and the judgment is reversed.

A discussion of the principles of law involved in the action may be found in 18 A. L. R., 93; 29 A. L. R., 450; 34 A. L. R., 507; 42 A. L. R., 978; 49 A. L. R., 767, and 55 A. L. R., 252.

Reversed.