Civil action to recover penalty for violation of town ordinance.
On 29 January, 1929, the board of commissioners of the town of Wake Forest, pursuant to charter and general statutory authority, duly adopted an ordinance, the pertinent part of which is as follows:
"1. That from and after the first day of February, 1929, it shall be unlawful to erect, build, maintain or operate any station for the sale or distribution of gasoline, kerosene, or any other petroleum products in any part of the town of Wake Forest west of the Seaboard Air Line Railway tracks."
The penalty for violating said ordinance is fixed at $50 for each day such violation shall continue.
For a long time before the adoption of said ordinance, and for a few days after it took effect, the defendant operated a curb pump, or gasoline filling station, and sold gasoline, in that portion of the town affected by said ordinance.
The town of Wake Forest (population between 1,500 and 2,000) is bisected from north to south by the tracks of the Seaboard Air Line Railway. The principal residential section of the town, including Wake Forest College and its various buildings, high school, church and residences, is located on the west side of said tracks. Through this section, thus thickly populated, runs State Highway No. 50, also numbered National Highway No. 1, parallel with the railroad tracks. There are only two mercantile establishments in this section of the town, one of which is owned by the defendant, in connection with which he has heretofore operated his curb pump or filling station.
The business section of the town, containing a number of stores, foundry, cotton-gin, saw-mill, etc., is to be found on the east side of the railroad tracks.
The ordinance recites that ample facilities for gasoline and filling stations are to be found north and south of the town limits and east of the railroad.
From a directed verdict for the plaintiff, on the admitted facts, and judgment for $50 and the costs, the defendant appeals, assigning errors.
All Wake Forest is divided into two parts, in one of which, the business section, east of the railroad, gasoline, filling stations are allowed, in the other, the residential section, west of the railroad, gasoline filling stations are not allowed. The case presents the legality *Page 85 
of such division and regulation. We are not now concerned with the validity of the ordinance as it may affect "any other petroleum products."
That the regulation of gasoline filling or gasoline storage stations comes within the police power of the State is freely conceded; and that such power is specifically conferred upon the plaintiff is likewise conceded. C. S., 2673 and 2787; Burden v. Ahoskie, 198 N.C. 92; MacRae v.Fayetteville, 198 N.C. 54; Clinton v. Oil Co., 193 N.C. 432,137 S.E. 183; Bizzell v. Goldsboro, 192 N.C. 348, 135 S.E. 50; Cecilv. Toenjes, 228 N.W. (Iowa), 874.
It is clearly within the police power of the State to regulate the business of operating such stations and to declare that in particular circumstances and in particular localities (i. e., the residential section of a thickly populated town or city) a gasoline filling or gasoline storage station shall be deemed a nuisance in fact and in law, provided this power is not exerted arbitrarily, or with unjust discrimination, so as to infringe upon rights guaranteed by the State and Federal Constitutions.Reinman v. Little Rock, 237 U.S. 171. So long as the regulation is not shown to be clearly unreasonable and arbitrary, and operates uniformly on all persons similarly situated, the district itself being selected in the exercise of that reasonable discretion necessarily accorded the law-making power, it cannot be judicially declared that there is a deprivation of property without due process of law, or a denial of the equal protection of the law, within the meaning of the constitutional provisions on the subject. Slaughter House Cases, 16 Wall., 36. Perhaps it should be observed that the police power extends, not only to regulations designed to promote the public health, public morals and public safety, but also to those designed to promote the public convenience or the general prosperity. C. B. Q. Ry. v. Drainage Commissioners, 200 U.S. 561, at page 592.
A gasoline filling or gasoline storage station may not be a nuisanceper se, but it may become such, like a hospital (Lawrence v. Nissen,173 N.C. 359), a livery stable (S. v. Bass,171 N.C. 781), a dance hall (S. v. VanHook,182 N.C. 831), a sawmill (Barger v. Smith,156 N.C. 323), or a poolroom (Brunswick-Balke Co. v. Mecklenburg,181 N.C. 386), because of its location or by reason of the manner in which it is conducted. Oil and gasoline, invariably used and stored in such stations, are so highly inflammable and explosive that they may, and do, increase the danger to fire, no matter how carefully the buildings are constructed and how noncombustible their materials. And although lawful and necessary buildings, they are of such character that regulation of the place of their erection and use comes well within settled *Page 86 
principles relating to the exercise of the police power. "The State is not bound to wait until contagion is communicated from hospital established in the heart of a city; it may prohibit the establishment of such hospital there, because it is likely to spread contagion. So the keeping of dangerous explosives and inflammable substances, and the erection of buildings of combustible materials within the limits of a dense population may be prohibited because of the probability or possibility of public injury." Walker, J., in Durham v. Cotton Mills, 141 N.C. p. 636.
Is the ordinance in question void for arbitrariness or unjust discrimination? We think not. It operates on all alike within the territory affected, and all within the prescribed limits are affected by its terms.S. v. Roberts, 198 N.C. 70. The town of Wake Forest is naturally separated into business and residential sections by the tracks of the Seaboard Air Line Railway. What was said in Turner v. New Bern,187 N.C. 541, 122 S.E. 469, would seem to be a direct authority for upholding the present ordinance. We are content to rest our decision on the substance of that opinion.
The appropriateness of the proceeding, a civil action by plaintiff to collect the penalty incurred under the ordinance, is not questioned. S. v.Abernethy, 190 N.C. 768, 130 S.E. 619.
Affirmed.