STATE AND TOWN OF AHOSKIE v. A. L. MOYE.

(Filed 10 December, 1930.)

**Municipal Corporations H b—Ordinance regulating gasoline filling stations will be upheld as valid in absence of evidence of discrimination.**

It is within the police power of an incorporated city or town to enact an ordinance under authority of statute prohibiting the erection or maintenance of a gasoline filling station within the town limits within one hundred and fifty feet of its designated graded school, and although filling stations will not be held nuisances *per se* as a matter of law, such ordinances will not be held unconstitutional in the absence of evidence that it is arbitrary or discriminatory, the burden being on the plaintiff, to prove it unconstitutional and void.  *Wake Forest v. Medlin,* 199 N. C., 83, cited and applied as controlling.

ADAMS, J., dissents; CLARKSON, J., dissenting opinion.

APPEAL by defendant from *Midyette, J.,* at April Special Term, 1930, of HERTFORD. Reversed.

This is a criminal action tried on a warrant charging defendant with a violation of an ordinance of the town of Ahoskie, a municipal corporation located in Hertford County.

By his plea of not guilty, defendant presented his contention that the ordinance is void, for that it is unconstitutional.

The jury empaneled at the trial returned a special verdict, in which the facts are found as follows:

"First. That on 10 February, 1930, the board of commissioners of the town of Ahoskie, N. C., a duly incorporated town, duly adopted the following ordinance of said town, to wit:

'Ordinance. From and after 1 April, 1930, it shall be unlawful for any person, firm or corporation to build, maintain or operate any gasoline filling station, or to keep or store gasoline, kerosene oil, or other like inflammable material in quantities greater than twenty-five gallons at one time, within 150 feet of the outside boundaries of the property of the Ahoskie Graded School, District No. 11, white.

'Any one violating this ordinance shall be fined fifty dollars for each offense, and each day that such filling station shall be operated or such gasoline, kerosene oil, or other inflammable material, shall be kept or stored in excess of twenty-five gallons, shall constitute a separate offense.

'Adopted 10 February, 1930.'

"Second. That on 2 April, 1930, the defendant, A. L. Moye, did wilfully maintain and operate in said town a gasoline filling station on the corner of Main Street and State Highway No. 30, the same being within 150 feet of the outside boundary line of the Ahoskie Graded School District, No. 11, white, and did wilfully keep and store gasoline at and in said filling station in quantities greater than twenty-five gallons at one time within 150 feet of the boundary line of said school.

"Third. That the filling station maintained and operated by the defendant as aforesaid is the one marked 'Moore's Filling Station' on the map printed on page 94 of Volume 198 of the Supreme Court Reports of North Carolina, in the case entitled *'Burden v. Town of Ahoskie.'*

"Fourth. That the said filling station was erected, owned and in operation by the defendant before and at the time of the adoption of the aforesaid ordinance by the commissioners of the town of Ahoskie."

The court was of opinion that upon the foregoing facts defendant was not guilty, and in accordance with said opinion directed that a verdict of not guilty be entered in this action.

From the judgment on the special verdict, the State appealed to the Supreme Court. C. S., 4649.

*Attorney-General Brummitt, Assistant Attorney-General Nash, and E. L. Travis for the State.*

*A. R. Dunning and A. T. Castelloe for defendant.*

CONNOR, J. The sole question presented by this appeal, as stated in the briefs filed in this Court, both for the State and for the defendant, is whether or not the ordinance set out in the special verdict is valid and constitutional. If this question be answered in the negative, in accordance with the opinion of the court below, the judgment must be affirmed; otherwise, the judgment must be reversed.

It is conceded that on the authority of *Wake Forest v. Medlin,* 199 N. C., 83, decided by this Court on 2 July, 1930, the question must be answered in the affirmative, and the judgment reversed, unless the ordinance involved in this action can be distinguished from the ordinance which we held valid and constitutional in that case.

The ordinance which we held valid in *Wake Forest v. Medlin* was adopted by the commissioners of the town of Wake Forest on 29 January, 1929. It prohibited the erection, maintenance or operation of a filling station in any part of the town of Wake Forest, west of the Seaboard Air Line Railway tracks, on or after the first day of February, 1929. At the date of its adoption the defendant owned, and for some time prior thereto, had operated a filling station within the corporate limits of the town of Wake Forest, on the west side of the Seaboard Air Line Railway tracks. He continued to operate said filling station after the adoption of the ordinance and after it became effective according to its terms. In the action by the town of Wake Forest to recover the penalty prescribed by the ordinance for its violation, the defendant contended that the ordinance was unconstitutional and void. This contention was not sustained, and the judgment in favor of the plaintiff was affirmed on defendant's appeal to this Court. We held that the ordinance was valid, for that it operates on all alike within the territory affected and for that all within the prescribed limits are affected by its terms. It was not made to appear that the ordinance was unreasonable, arbitrary or unjust, because discriminatory. *Turner v. New Bern,* 187 N. C., 541, 122 S. E., 469, where the decision was by a unanimous Court, was cited as a direct authority for our holding. In that case *Clark, C. J.,* says: "It is primarily for the legislative body clothed with the police power to decide when and under what circumstances such regulations as the one in question are necessary and essential, and its determination in this regard, in view of its better knowledge of all the circumstances and of the presumption that it is action with a due regard for the rights of all parties, will not be disturbed by the courts unless it can be plainly seen that the regulation has no relation to the purposes

above stated, but is a clear invasion of personal or property rights, under the police power."

The ordinance in the instant case was adopted by the board of commissioners of the town of Ahoskie on 10 February, 1930. It prohibited the erection, maintenance or operation of a filling station within a distance of 150 feet from the property of the Ahoskie Graded School District, on or after 1 April, 1930. At the date of its adoption, and for some time prior thereto, the defendant owned and operated a filling station within the prescribed limits of the town of Ahoskie. He continued to operate said filling station after 1 April, 1930. His violation of the ordinance, if the same is valid, is a misdemeanor under the laws of this State, C. S., 4174, for which he was guilty, and subject to a fine or imprisonment.

There is no distinction, in principle, between the ordinance in the instant case and the ordinance in the *Wake Forest case.* Neither is discriminatory on its face and, therefore, unjust; neither is unreasonable and, therefore, arbitrary. Both were adopted in the exercise of the police power of the State, conferred by the General Assembly on the board of commissioners of said towns. In *Wake Forest v. Medlin, supra, Stacy, C. J.,* writing for the Court, says:

"It is clearly within the police power of the State to regulate the business of operating such stations, and to declare that in particular circumstances, and in particular localities *(i. e.,* the residential section of a thickly populated town or city) a gasoline filling or gasoline storage station shall be deemed a nuisance in fact and in law, provided this power is not exercised arbitrarily, or with unjust discrimination, so as to infringe upon the rights guaranteed by the State and Federal Constitutions. *Reinman v. Little Rock,* 237 U. S., 171, 59 L. Ed., 900. So long as the regulation is not shown to be clearly unreasonable and arbitrary and operates uniformly on all persons similarly situated, the district itself being selected in the exercise of that reasonable discretion necessarily accorded to the law-making power, it cannot be judicially declared that there is a deprivation of property without due process of law, or a denial of the equal protection of the law, within the meaning of the constitutional provisions on that subject."

No facts appear in the special verdict from which it can be held that a filling station erected, maintained or operated within 150 feet of the property of the Ahoskie Graded School District is not a nuisance in fact, as declared by the law-making body of the town of Ahoskie. In the absence of such facts, or at least of evidence tending to show that the filling station operated by the defendant in violation of the ordinance is not a nuisance, the action of the commissioners of the town must be presumed to be well founded in fact as well as in law. The

AHOSKIE *v.* MOYE.

burden of showing that his filling station is not a nuisance was on the defendant. A filling station, although not a nuisance *per se,* may become so by its location. *Barger v. Smith,* 156 N. C., 323, 72 S. E., 376.

In each of the cases in which we have held that the ordinance involved therein, affecting filling stations, was void, it has appeared on the face of the ordinance, or from facts shown by the evidence, that certain persons, firms or corporations operating filling stations within the prescribed territory were exempted from the provisions of the ordinance, thus resulting in discriminations, which were arbitrary and therefore unjust. *Burden v. Ahoskie,* 198 N. C., 92; *MacRae v. Fayetteville,* 198 N. C., 54; *Clinton v. Oil Co.,* 193 N. C., 432, 137 S. E., 183; *Bizzell v. Goldsboro,* 192 N. C., 348, 135 S. E., 50.

On the facts set out in the special verdict in this case, the ordinance is valid. It was duly adopted by the board of commissioners of the town of Ahoskie. It is not discriminatory on its face. No facts are found by the jury, and set out in the special verdict, which support the contention of the defendant that, if not discriminatory, in law, the ordinance is discriminatory in fact. That the ordinance adopted by the board of commissioners in the exercise of the police power, conferred upon said board by statute, will result in injury to the defendant did not deprive the board of the power to adopt the ordinance. *Turner v. New Bern, supra.*

The defendant is guilty of a violation of a valid ordinance of the town of Ahoskie and the verdict must be so entered. The judgment is

Reversed.

ADAMS, J., dissents.

CLARKSON, J., dissenting: The bill of indictment and ordinance, under which defendant is indicted, is as follows: "By maintaining and operating a gasoline filling station on the corner of Main Street and State Highway No. 30, the same being within 150 feet of the outside boundary line of the Ahoskie Graded School District No. 11, white, and did unlawfully and wilfully keep and store gasoline at and in said filling station in quantities greater than twenty-five gallons at one time, within 150 feet of the boundary lines of said school, all in violation of the following ordinance of said town, to wit: 'From and after 1 April, 1930, it shall be unlawful for any person, firm or corporation to build, maintain or operate any gasoline filling station, or to keep or store gasoline, kerosene oil, or other like inflammable material in quantities greater than twenty-five gallons at one time, within 150 feet of the outside boundaries of the property of the Ahoskie Graded School, District No. 11, white. Any one violating this ordinance shall be fined fifty

dollars for each offense, and each day that such filling station shall be operated, or such gasoline, kerosene oil, or other inflammable material, shall be kept or stored in excess of twenty-five gallons shall constitute a separate offense. Adopted 10 February, 1930.' "

The special verdict, among other things, recited: "That, on 2 April, 1930, the defendant, A. L. Moye, did wilfully maintain and operate in said town a gasoline filling station on the corner of Main Street and State Highway No. 30, the same being within 150 feet of the outside boundary line of the Ahoskie Graded School District, No. 11, white, and did wilfully keep and store gasoline at and in said filling station in quantities greater than twenty-five gallons at one time within 150 feet of the boundary line of said school. That the filling station maintained and operated by the defendant as aforesaid is the one marked 'Moore's Filling Station' on the map, printed on page 94 of Volume 198 of the Supreme Court Reports of North Carolina, in the case entitled *Burden v. Town of Ahoskie.* (Fourth) That, the said filling station was erected, owned and in operation by the defendant before and at the time of the adoption of the aforesaid town ordinance by the commissioners of the town of Ahoskie." Upon the special verdict, the court below held the defendant not guilty. I think the court below correct.

The map in *Burden v. Ahoskie* is referred to in the special verdict. By reference to said map, we find that the school building is in Ahoskie, on the corner of North Carolina Highway and West Main Street, and it faces on the North Carolina Highway. The northwestern corner of the building is 194 feet from Moore's Filling Station, the one in controversy. From the center of the school building to the North Carolina Highway is 126 feet. The North Carolina Highway is 61 feet wide and the filling station in controversy is across the highway from the school building and at the northeast corner, intersection of West Main Street and North Carolina Highway. The Burden, proposed filling station, is 166.50 feet from the northwestern corner of the school building. West Main Street is 60 feet wide and the Burden station is across West Main Street from the school building. Brewer's Filling Station is in the same block with the school building, and is not across the street as the station in controversy is, and it is 268 feet from the school building line. According to the map, the above are all the buildings in that large open space.

The question in this action: Can the governing body of a city take the outside boundary line of a school district and pass an ordinance prohibiting a gasoline station 150 feet from same, when the gasoline station is across a 61-foot public highway and 194 feet from the school building, said gasoline station already operating and doing business, and limiting the storage of gasoline in excess of 25 gallons? I think not.

AHOSKIE v. MOYE.

In *Standard Oil Co. v. City of Marysville,* 279 U. S., at p. 582, 73 Law Ed., p. 856, it is held: "A municipal ordinance requiring all tanks within the city limits used for the storage of petroleum products or other inflammable liquids to be buried at least three feet underground cannot be said to be so arbitrary and capricious as to deprive dealers in such products of their property without due process of law," etc.

This regulation was held not to be arbitrary and unreasonable as affecting public safety. In the present case it is no regulation, as in the above case, but prohibition. In the present case we have a legitimate business, a going concern, not a nuisance *per se,* absolutely destroyed when there is another gasoline station, and the other 268 feet from the schoolhouse in the same block, allowed to carry on their business. On the argument it was stated that the gasoline station in controversy was valued at $10,000. This ordinance does not regulate, but destroys, this valuable business. The ordinance has no relation to public safety, health, morals or general welfare, and therefore arbitrary and unreasonable. It takes private property without just compensation.

In *Turner v. City of New Bern* and *Wake Forest v. Medlin,* the ordinance covered a large portion of the city and town. The main decision in this case means that the governing body of a city can pass perhaps dozens of ordinances in a large city and less number in a town and destroy every gasoline station within 150 feet of a school property and confiscate perhaps hundreds of thousands of dollars and wipe out vested rights.

In *Reynolds v. Brosnan,* S. E. Rep., Vol. 154, No. 3 (17 July, 1930), at p. 267, the Supreme Court of Georgia, we find: " 'Private property shall not be taken or damaged, for public purposes, without just and adequate compensation being first paid,' in so far as said act is interpreted by the public officials of the city of Albany to authorize a refusal of a permit sought by an owner of property to construct a filling station which conforms in every way to the building regulations of the city," is in conflict with the Constitution above set forth and due process clause.

The provision of the Georgia Constitution is the organic law of every civilized country. In *Johnston v. Rankin,* 70 N. C., 555, it is said: "Notwithstanding there is no clause in the Constitution of North Carolina which expressly prohibits private property from being taken for public use without compensation; and although the clause to that effect in the Constitution of the United States applies only to acts by the United States, and not to the government of the State, *S. v. Newsom,* 5 Iredell, 50 (27 N. C., 250), yet the principle is so grounded in natural equity that it has never been denied to be a part of the law of North Carolina." *S. v. Lyle,* 100 N. C., 497; *Parks v. Commissioners,* 186 N. C., at p. 499.

The case of *State ex rel. Srigley v. Woodworth* (Ohio), 169 N. E., 713 (14 June, 1929) is in point. "In *Pritz v. Messer,* 112 Ohio St., 628, 129 N. E., 30, the Supreme Court sustained a zoning ordinance which comprehended the entire city of Cincinnati, and under the authority of that case if the defendant in this case could justify his action under an ordinance that zoned the entire city of Athens, he would be warranted in his refusal of a permit in this case. In *City of Youngstown v. Kahn Bros. Building Co.,* 112 Ohio St., 654, 148 N. E., 842, 43 A. L. R., 662. . . . The fair effect of considering together the two opinions just referred to is that the Supreme Court sustains a comprehensive city-wide ordinance which prohibits the construction of an apartment building within a residential district, and refuses to sustain an ordinance containing a like exclusion where only a part of the city is zoned unless it be shown that the block ordinance prevents the erection of a building that would be a nuisance or a place for carrying on a business that would be a nuisance. The Supreme Court of this State has held that a filling station is not a nuisance *per se, Powell v. Craig,* 113 Ohio St., 245, 148 N. E., 607, and we find nothing in the legislation of the city of Athens nor in the statutes of the State that declares a filling station to be a nuisance *per se* even within a residential district. It may be seriously questioned, therefore, whether a block ordinance, as distinguished from a comprehensive zoning ordinance, may block off a certain portion of a municipality and prevent filling stations from being erected therein without some sort of a showing that they will be inimical to the public health, safety, or morals of the affected district. In the absence of such showing, any such ordinance would seem to fall under the condemnation of the *Youngstown case.*"

The present decision makes private property a "feather on the water."