W. E. SHUFORD and SINCLAIR REFINING COMPANY v. THE TOWN OF
    WAYNESVILLE, a MUNICIPAL CORPORATION; J. H. WAY, JR., MAYOR,
    AND S. H. JONES, M. M. NOLAND and T. L. BRAMLETT, MEMBERS OF
    THE BOARD OF ALDERMEN OR GOVERNING BODY OF THE TOWN OF WAYNES-
    VILLE, AND T. HENRY GADDY, INSPECTOR OF BUILDINGS FOR THE TOWN
    OF WAYNESVILLE, N. C.

(Filed 21 September, 1938.)

1. **Municipal Corporations § 37—Ordinance held not in substantial com-
   pliance with C. S., ch. 56, Art. 11 (c).**

   An ordinance which does not provide a comprehensive plan for the
   zoning of the municipality, but merely designates approximately one block
   as a "business section, Zone A," and prescribes certain restrictions therein,
   without provision for a hearing or appeal, or the appointment of a zoning
   commission or board of adjustment, does not comply with the provisions
   of ch. 250, Public Laws of 1923 (Consolidated Statutes, ch. 56, Art. 11 [c]),
   and the ordinance cannot be upheld under the act.

2. **Same—Zoning regulations held not to have been promulgated in sub-
   stantial compliance with C. S., ch. 56, Art. 11 (c).**

   Defendant municipality adopted an ordinance restricting gasoline filling
   stations in a designated part of the town, which ordinance failed to com-
   ply with the requirements of ch. 250, Public Laws of 1923. After the in-
   stitution of this action the municipality adopted a comprehensive zoning
   ordinance which provided for the appointment of a zoning commission
   and a board of adjusters as required by the act, and which attempted to
   incorporate therein the restrictions of the original ordinance, but the zon-
   ing commission appointed thereunder did not zone the town or file any
   final report with its legislative body. *Held:* Under the provisions of the
   act no zoning regulation may become effective until after a public hearing,
   and said public hearing may not be held until after the filing of the final
   report of the zoning commission, and therefore no zoning restriction under
   the second ordinance has been promulgated in substantial compliance with
   the statute, and the restriction incorporated in the second ordinance may
   not be upheld under the act.

3. **Same—General law confers power on municipalities to regulate estab-
   lishment of gasoline filling stations.**

   It is not necessary to the validity of an ordinance regulating the estab-
   lishment of gasoline filling stations in a municipality that it substan-
   tially comply with the provisions of ch. 250, Public Laws of 1923 (Con-
   solidated Statutes, ch. 56, Art. 11 [c]), since the regulation of filling
   stations comes within the State police power which has been conferred
   on municipalities by the general law. C. S., 2673, 2787.

4. **Same—**

   A municipal ordinance regulating the establishment of gasoline filling
   stations within the city limits must be impartial, fair and general, and
   apply alike to all within the designated area.

**5. Same—**

A municipal ordinance forbidding the erection of gasoline filling stations within an area in which a gasoline filling station is already established and allowed to operate, is unlawful as discriminatory.

APPEAL by plaintiffs from *Clement, J.,* at March Term, 1938, of HAYWOOD. Reversed.

This is an action instituted by the plaintiffs under chapter 102, Public Laws 1931, known as the Uniform Declaratory Judgment Act, to determine their right to erect a filling station on certain property in the town of Waynesville under a building permit issued by the building inspector of said town and notwithstanding the terms of an ordinance adopted by the municipal authorities.

The plaintiff W. E. Shuford owns and has leased to the plaintiff Sinclair Refining Company a certain parcel of land situate on the west side of Main Street in said town. A building permit was duly issued, authorizing the plaintiff to erect a filling station on said premises to cost approximately $6,000. Plans have been prepared and the plaintiffs are now ready to commence the erection of said building, but the said authorities have notified them to desist. In prohibiting the erection of said building the city authorities are acting under and by virtue of the terms of an ordinance adopted by the governing authorities of said town in July, 1936, subsequent to the issuance of the building permit. This ordinance is as follows:

"Be it ordained by the mayor and board of aldermen of the town of Waynesville:

"Section 1. That in pursuance to chapter 250 of the Public Laws of the State of North Carolina, of 1923, and other statutes relating thereto, and for the purpose of promoting the health, safety and welfare of the community, be it ordained that the town of Waynesville be divided in the method provided by said statutes, into zones.

"Section 2. That there shall be set aside and established as the first zone, to be known as the Business Section 'A,' that portion of Main Street lying south of Depot Street and north of Church Street, and that the remainder of said town be hereafter set aside and established in separate zones as may be determined, pursuant to said statutes.

"Section 3. That within the limits and fronting on said Main Street between Depot Street and Church Street, named as Business Section 'A,' no gasoline service or filling station shall be built, enlarged or reconstructed, and the construction and erection of business houses or other buildings within said district shall be permitted only in accordance with the rules and regulations established for said zones.

"Section 4. That any person, firm or corporation violating any provision of this ordinance shall be guilty of a misdemeanor and upon conviction shall be fined $50.00 for each and every offense."

After institution of this action the governing board of the town of Waynesville adopted a Comprehensive Zoning Ordinance under the provisions of Article 11 (c) of chapter 56 of the Consolidated Statutes, which is a codification of chapter 250, Public Laws 1923, and acts amendatory thereof. The latter ordinance appoints a Zoning Commission and a Board of Adjusters as provided by said act. The Zoning Commission thus appointed has not zoned said town or recommended the boundaries of various original districts or adopted appropriate regulations to be enforced therein; nor has it filed any final report with the legislative body of said town. The plaintiffs tendered additional findings of fact which the court declined to make and the plaintiffs excepted. The plaintiffs likewise tendered judgment requesting the court to conclude as a matter of law that the ordinances in question are void and unenforceable, for that: (a) Same were not passed and promulgated as required by statute; (b) same are unreasonable, discriminatory and in violation of the State and Federal Constitutions; (c) they are designed to operate retrospectively in so far as the plaintiffs are concerned by seeking to disturb vested rights. The court declined to sign this judgment and the plaintiffs excepted. The court signed judgment against the plaintiffs, as appears of record, and the plaintiffs excepted and appealed.

*Lee & Lee for plaintiffs, appellants.*
*Morgan & Ward for defendants, appellees.*

BARNHILL, J. Governing authorities of municipal corporations in North Carolina were first vested with authority to adopt zoning ordinances by ch. 250, Public Laws 1923. This act requires that ordinances adopted under authority thereof shall: (a) Be made in accordance with a comprehensive plan; (b) provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established and enforced; (c) provide for the appointment of a commission to be known as the Zoning Commission to recommend the boundaries of the various original districts and appropriate regulations to be enforced therein; (d) provide for the appointment of a Board of Adjustment to hear and decide appeals from and review any order, requirement, decision or determination made by administrative official charged with enforcement of any ordinance adopted pursuant to this act. It further provides that no regulation, restriction or boundary determined or established by proper authorities under said ordinance shall become effective until after a public hearing upon fifteen days notice is had, and that such hearing shall not be held until after the zoning commission has filed its final report recommending the boun-

daries of the various original districts and appropriate regulations to be enforced therein.

The original ordinance, adopted 15 July, 1936, is not in accord with a comprehensive plan and does not provide for the zoning of the town as a whole. It merely sets aside and establishes approximately one block of the business section of said town as "business section, Zone A." No provision for hearing or appeal is provided. No zoning commission or board of adjustment is appointed or provided for.

When measured by the requirements of the act of the Legislature, under authority of which it purports to have been adopted, it appears that the ordinance does not substantially comply with the terms of said legislation. It cannot be upheld under that act.

The adoption of the second ordinance will not avail the defendants. The town of Waynesville has not been zoned thereunder and plaintiffs' property has not been placed in any restricted zone or area. The zoning commission has not filed a report recommending boundaries of the various original districts and appropriate regulations to be enforced therein, or complied with the other requirements of the act. While this ordinance attempts to incorporate the original ordinance, it is expressly provided in the act of the Legislature that no regulation, restriction or boundary shall become effective until after a public hearing, and that said public hearing shall not be held until after the filing of the final report of the zoning commission. Consequently, the attempt in the second ordinance to zone business section "A" under the terms of said act is invalid.

That the ordinance under consideration fails to comply with the statute authorizing the zoning of a municipality does not necessarily mean that it is void. It has heretofore been held by this Court that the regulation of gasoline filling or gasoline storage stations, and other business establishments, comes within the police power of the State, and that such power is specifically conferred upon municipal corporations by the general law, C. S., 2673 and 2787, has been held by this Court in a number of cases. Ordinances prohibiting erection of a private hospital within 100 feet of a residence in the corporate limits of Winston-Salem, *Lawrence v. Nissen*, 173 N. C., 359; the establishment, maintenance or operation of a lumber yard or wharf in the residence section of New Bern, *Turner v. New Bern*, 187 N. C., 541; the erection and operation of a filling station in the residence section of Wake Forest, *Wake Forest v. Medlin*, 199 N. C., 83, 154 S. E., 29; the maintenance or operation of a gasoline filling station within 150 feet of the outside boundaries of the property of the Ahoskie Graded School, *Ahoskie v. Moye*, 200 N. C., 11, 156 S. E., 130, have been held valid and enforceable. See also *S. v. Bass*, 171 N. C., 781; *S. v. Vanhook*, 182 N. C., 831; *Barger v. Smith*,

156 N. C., 323; *Brunswick-Balke Co. v. Mecklenburg,* 181 N. C., 386. However, such ordinances are valid and enforceable only when they are not arbitrary or discriminatory and operate uniformly on all persons similarly situated, the district from which such business is excluded being selected in the exercise of that reasonable discretion necessarily accorded the lawmaking power. Whenever it appears on the face of the ordinance, or from the facts shown by the evidence, that persons, firms or corporations operating filling stations or other business establishments within the prescribed territory were exempted from the provisions of the ordinance, thus resulting in discrimination, the ordinance has been held void. *Burden v. Ahoskie,* 198 N. C., 92, 150 S. E., 808; *MacRae v. Fayetteville,* 198 N. C., 51, 150 S. E., 810; *Clinton v. Oil Co.,* 193 N. C., 432, 137 S. E., 183; *Bizzell v. Goldsboro,* 192 N. C., 348, 135 S. E., 50. Such ordinances must be in accordance with a general or uniform rule of action and must apply to all alike within the prescribed territory. It must be impartial, fair and general. It would be unreasonable and unjust to make under the same circumstances an act done by one person penal and done by another not so. Ordinances which have this effect cannot be sustained. *Barger v. Smith, supra; Bizzell v. Goldsboro, supra.*

A gasoline filling station is a legitimate enterprise and is not a nuisance *per se. MacRae v. Fayetteville, supra.* Ordinances prohibiting the maintenance and operation of filling stations within specified territory have been sustained upon the theory that the peculiar facts and circumstances of the situation made the operation of such stations within such locations a nuisance in fact. It is said by *Stacy, C. J.,* in *Wake Forest v. Medlin, supra,* that: "It is clearly within the police power of the State to regulate the business of operating such stations and to declare that in particular circumstances and in particular localities (*i.e.,* the residential section of a thickly populated town or city), a gasoline filling or gasoline storage station shall be deemed a nuisance in fact and in law, provided this power is not exerted arbitrarily, or with unjust discrimination, so as to infringe upon rights guaranteed by the State and Federal Constitutions. *Reinman v. Little Rock,* 237 U. S., 171, 59 L. Ed., 900. So long as the regulation is not shown to be clearly unreasonable and arbitrary, and *operates uniformly* on all persons similarly situated, the district itself being selected in the exercise of that reasonable discretion necessarily accorded the lawmaking power, it cannot be judicially declared that there is a deprivation of property without due process of law, or a denial of the equal protection of the law, within the meaning of the constitutional provisions on the subject."

The court below found as a fact "that within the area described in the ordinance of the defendants dated 15 July, 1936, and on the west

side of Main Street, there is a filling station in operation; that on the east side of Main Street, near and just below the point where Depot Street, which is not a through street, intersects with Main Street, a gasoline service station is in operation; that also on the east side of Main Street north of the point where it is intersected by Church Street, which is not a through street, and immediately south of the intersection of Pigeon Street with Main Street, two gasoline service stations are now in operation." Thus, it appears from said finding that the said ordinance is not uniform and does not apply alike to all within the designated territory. If the operation of plaintiff's filling station within said territory would constitute a nuisance and endanger the health or safety of the citizens of Waynesville the other filling station within this prohibited territory would of necessity likewise be a nuisance. The operation of one is prohibited; the operation of the other is not. Thus, the ordinance is arbitrary and discriminatory and constitutes an unlawful restriction of the property rights of plaintiffs. Its practical effect is to give a monopoly to the service station now being operated in the area and it falls within that class of ordinances condemned by this Court in *Burden v. Ahoskie, supra*, and *MacRae v. Fayetteville, supra*, and cases there cited.

There is presently no valid restriction upon plaintiffs' right to erect the proposed building. The judgment of the court below is

Reversed.