CHARLES B. MacRAE v. CITY OF FAYETTEVILLE and W. F. CAMPBELL, Building Inspector.

(Filed 4 December, 1929.)

1. **Municipal Corporation H b—Ordinance regulating erection of filling stations held invalid under facts of this case.**

   In proceedings for mandamus to compel a city, through its building inspector, to issue a permit for the erection of a gasoline filling station, an ordinance making it unlawful to erect such a station nearer than 250 feet to any residence within the corporate limits provided that the ordinance shall not apply to such stations already erected, is held void, it appearing that many stations had been erected and that the effect of the enforcement of the ordinance would be to give a monopoly to the stations already erected, and that the ordinance was not uniform in its application, and that to prohibit the building of the station in suit would be to deprive the owner of his property rights.

2. **Same—Filling stations are not nuisances per se, and ordinance regulating their erection is void when not uniform and impartial.**

   Gasoline filling stations built and maintained under the provisions of law are not nuisances *per se,* but are of public necessity, and they may not be prohibited for purely aesthetic reasons, and where an ordinance is not uniform, fair and impartial in its application, it will be held void.

**3. Same—Ordinances regulating erection of filling stations which amount to taking private property without compensation are void.**

Private property cannot be taken for private purposes, but only for those purposes which are public in their nature upon the payment of just compensation, and an ordinance regulating the erection of gasoline filling stations within the limits of a city that has the effect of confiscating the property of an owner is void.

**4. Municipal Corporations H a—Validity of ordinance will not be decided in absence of information as to its reasonableness.**

Where subsequent to and pending proceedings in mandamus to compel a city to issue a permit for a filling station under an existing ordinance, the city has passed a general zoning ordinance, the latter will not be considered in the absence of information upon which the courts may determine as to whether the later ordinance was reasonable under the facts presented for determination.

**5. Same—Whether ordinance is a valid exercise of the police power is subject to determination by the courts.**

An ordinance passed under provision of statute, purporting to fall within the police powers as to health, safety, etc., is subject to judicial review by the courts, and the expressed purpose of the ordinance in this respect is not controlling on the courts.

STACY, C. J., dissents.

APPEAL by defendants from *Sinclair, J.*, at Chambers, 13 July, 1929, Fayetteville, N. C. From CUMBERLAND. Affirmed.

This is an application for a writ of mandamus, under C. S., 866, against the city of Fayetteville and its building inspector, to issue a permit to plaintiff authorizing him to construct a filling station upon a certain lot of plaintiff's in the city of Fayetteville, at the intersection of Hay Street and Hinsdale Avenue, being a lot 153 feet on Hay Street and 100 feet on Hinsdale Avenue. The summons was issued 22 June, 1929, and duly served on defendants and complaint and amended complaint duly filed setting forth certain ordinances which plaintiff prayed to be declared void, and that defendant building inspector grant permit. The material part of answers of defendants is to the effect that the ordinances are valid under the police power given the city of Fayetteville, and that the action be dismissed.

The judgment rendered by the court below is as follows: "This cause coming on to be heard before his Honor, N. A. Sinclair, Judge, at Chambers, and being heard upon the verified complaint, and answers, and upon affidavits filed by plaintiff and defendants, and upon argument of counsel, and the court being of the opinion that the ordinances set out in the complaint and the amended complaint are invalid: It is therefore, upon motion of Rose & Lyon and James MacRae, attorneys for plaintiff, considered and adjudged that the building inspector of the

city of Fayetteville be, and he is hereby ordered and directed to issue a permit to the plaintiff for the construction of a filling station, upon the land described in the complaint, subject to the conformance by the plaintiff with the building laws of the State of North Carolina. Done at Fayetteville, N. C., this 13 July, 1929."

The defendants excepted to the judgment as signed and assigned error and appealed to the Supreme Court. The other necessary facts will be set forth in the opinion.

*Rose & Lyon* for *plaintiff*.
*Robinson, Downing & Downing* for *defendants*.

CLARKSON, J. The question for our determination is the validity of the following ordinance:

"SECTION 1. That it shall be unlawful for any person, firm or corporation to install, build, construct or erect, alter or repair any building, place or structure to be used as what is commonly known as a gasoline service station where gasoline and oils are kept and sold, nearer to any dwelling than 250 feet, within the corporate limits of the city of Fayetteville, provided that this ordinance shall not apply to service stations already established, and to the erection of any stations where a permit has already been issued by the city.

SECTION 2. Any person, firm or corporation violating the provisions of this ordinance shall, upon conviction before the mayor, be fined $25.

SECTION 3. That this ordinance shall be in force and effect from and after its ratification." This ordinance was adopted 24 June, 1929.

The ordinance which was first sought by plaintiff to be declared invalid, defendants in their brief say "To be perfectly frank with this Court, we do not contend for the validity of the ordinance." We do not consider that ordinance.

After this application for the writ of mandamus was instituted, the defendant, city of Fayetteville, passed the above ordinance mentioned on 24 June, 1929. The facts undisputed on the record are to the effect that the lot upon which it is sought to erect a gasoline station is on Hay Street, one of the longest in the city, and a portion runs through the business section and a large portion runs through the residential section, and the lot is near the center of the oldest residential section, and that the nearest filling station to the lot is more than 1,700 feet. The affidavit of James MacRae, made 13 July, 1929, was to the effect that the property has an encumbrance on it of approximately $15,000, and a heavy and substantial payment will be due in August, 1929. That diligent efforts have been made to rent the property for residential purposes, but the efforts have been in vain; that the property has been vacant for approximately twelve months and no revenue has been derived there-

from; that unless the contract for sale be consummated with the Standard Oil Company, that it is highly probable that plaintiff will be unable to discharge encumbrances against the same, resulting in the loss of the property. It was also in evidence that property in that vicinity was growing less valuable and desirable for residential purposes, as the tendency of business was to travel westwardly, and the property was becoming more valuable and desirable for business purposes. It was in evidence that the Standard Oil Company will erect upon the premises a thoroughly modern and up-to-date filling station constructed from the best material, equipped with every safety device, under a general scheme, plan and type of architecture in keeping with the cleanliness and beauty of that portion of the city of Fayetteville in which the property is located and that the cost of said building and improvements will be between eight and ten thousand dollars. In the event a permit is granted the same would be so constructed as to comply with the building laws of the State of North Carolina, and the regulations of the city of Fayetteville.

There was evidence to the effect that the erection of the filling station would constitute "a hazard and eye sore," and would materially affect the desirability of the entire vicinity for residential purposes.

It was in evidence that a survey of the filling stations now operating in the city of Fayetteville has been made, and that as a result thereof it appears that there are twenty-four of such stations within the corporate limits of said city, and that twenty-three of them are located within 250 feet of residences used and occupied as such. That the total number of such filling stations operated within the corporate limits of the city of Fayetteville, only one is serviced by the Standard Oil Company, the others being serviced by its competitors. Building a filling station on plaintiff's lot would be within 250 feet of a dwelling or residence.

Automobiles are here to stay, and are now generally used for business and pleasure, and it is necessary for the convenience of the public that filling stations and garages be established and even in residential sections of cities and towns they are held not to be nuisances *per se*. *Hanes v. Carolina Cadillac Co.*, 176 N. C., p. 351; *Bizzell v. Goldsboro*, 192 N. C., 348; *Clinton v. Oil Co.*, 193 N. C., 432.

In every civilized country it is well-settled, with rare exceptions, that private property cannot be taken for private purposes and private property can only be taken for public purposes upon the payment of just compensation. A gasoline station is not, under the law, *per se* "a hazard." It might be to some an "eye-sore," but the law does not allow aesthetic taste to control private property, under the guise of police power. Speaking to the subject, we find in *City of Sturgeon v. Wabash Ry. Co.*, 17 S. W. Rep., 2 ser. (Mo.), at p. 618, the following: "The city

has no power to declare that to be a nuisance which is not so at common law or by statute." *Allison v. City of Richmond,* 51 Mo. App., 133; *Carpenter v. Reliance Realty Co.,* 103 Mo. App., 480, 77 S. W., 1004; *St. Louis v. Heitzeberg Packing & Provision Co.,* 141 Mo., 375, 42 S. W., 954, 39 L. R. A., 551, 64 Am. St. Rep., 516; *Crossman v. Galveston,* 112 Tex., 303, 247 S. W., 810, 26 A. L. R., 1210. Even where the general power exists to declare a nuisance, a city cannot declare the place of a single individual to be a nuisance in the absence of a general regulation applicable to all others of the same class. 19 R. C. L., sec. 117. Neither can a city by virtue of the police power alone, for purely aesthetic purposes, limit the use which a person may make of his property. 19 R. C. L., 140.

Ordinances of towns and cities where private property is involved must be uniform, fair and impartial in their operation. The present record discloses that there are now twenty-three filling stations within 250 feet of residences—the ordinance limit. As to these residences, we do not know whether they belong to the rich or the poor, but they are near filling stations perhaps for all time. The ordinance upon consideration prohibits the building of a filling station on plaintiff's lot within 250 feet from residences, which would prohibit plaintiff erecting a filling station on his lot. Is this ordinance in its operation uniform, fair and impartial? The statement of the facts is a sufficient answer that it is not. Then, again, 250 feet from any residence in the cities and towns where lots are generally 50 to 100 feet frontage, would practically limit in the future gasoline stations to small area and tend to allow a monopoly of those already in existence. The vice of the ordinance is apparent. We have no doubt of the good intentions of the governing body of defendant, city of Fayetteville, but the operation of such an ordinance, under the facts disclosed in this action, is destructive of property rights. The facts of record disclose that to keep plaintiff from selling his property, heavily encumbered, vacant for over twelve months, unable to rent for residential purposes, paying no doubt heavy taxes on vacant property, the ordinance was enacted. The ordinance reaches out to practically confiscate plaintiff's property and places a 250 feet limit, which gives a monopoly to twenty-three gasoline stations near homes and excludes plaintiff. The facts in reference to the reasonableness of ordinances of this kind are subjects of inquiry by the courts to determine the validity. *Board of Health v. Lewis,* 196 N. C., 641; *Standard Oil Co. et al. v. Marysville Adv.,* op. 445, Sup. Ct. Rep., Vol. 49, p. 430. We cannot hold the ordinance valid. *Bizzell v. Goldsboro,* 192 N. C., 348; *Clinton v. Oil Co.,* 193 N. C., 432; *Burden v. Town of Ahoskie, post,* 92.

In *Hardin v. City of Raleigh,* 192 N. C., 395, even in zoning ordinances, it is held that there must be uniformity and a tribunal is estab-

lished and charged with duties and the matter subject to review. On 12 August, 1929, a zoning ordinance was adopted by the city and defendants request this Court to now allow it to be set up as a defense, citing *Refining Co. v. McKernan,* 179 N. C., 314. In that case the action was pending, and 1 October, 1919, the ordinance was passed and the application for mandamus was heard at October Term, 1919, of the court after the ordinance was passed. The Court was able on the record to determine the reasonableness of the ordinance. In the present action judgment was rendered in favor of plaintiff and after appeal to this Court the zoning ordinance was adopted. We are not inclined to allow the ordinance to be pleaded. There is no way to consider the reasonableness of the zoning ordinance.

"A determination by the Legislature to what is a proper exercise of the police power is not final and conclusive, however, but is subject to the supervision of the courts. For, as has already been stated, the mere assertion by the Legislature that a statute relates to the public health, safety and welfare, does not of itself bring such statute within the police power of the State. It is clear that legislative bodies, under the guise of police regulations protecting the public welfare, cannot arbitrarily pass laws which have no relation to that subject. Whether the police power has been exercised within the proper limitations, whether or not a law is reasonable, whether a particular measure is designed to further some governmental function or to further private gain, and whether an act bears any reasonable relation to the public purpose sought to be accomplished, are all judicial questions. In like manner the question as to what are subjects of the lawful exercise of the police power is a question for judicial determination. Therefore, in its last analysis, the question of the validity of measures enacted under the police power is one for the court." 6 R. C. L., at p. 241-2. The judgment of the court below is

Affirmed.

STACY, C. J., dissents.