VARIETY THEATRES, INC., A NORTH CAROLINA CORPORATION V. CLEVELAND COUNTY, NORTH CAROLINA; HAYWOOD ALLEN, SHERIFF OF CLEVELAND COUNTY, NORTH CAROLINA, AND ALL HIS DEPUTIES AND BERRY LEE, CHIEF OF POLICE OF SHELBY, NORTH CAROLINA, AND ALL HIS POLICEMEN

No. 7227SC408

(Filed 2 August 1972)

1. **Statutes § 5— drive-in motion picture theaters — screens visible from highways — ordinance authorized by awkwardly worded session law**

    Where county commissioners passed an ordinance prohibiting the operation of drive-in motion picture theaters so that the surface of the screen upon which pictures were projected was visible to any person operating a motor vehicle upon nearby streets or roads, and such ordinance was based on an awkwardly worded session law, the trial court did not err in holding that the ordinance was authorized by the session law. G.S. 153-9(55), Chapter 1062, 1971 Session Laws.

2. **Statutes § 5— ambiguous statute — judicial construction — legislative intent**

    Resort must be had to judicial construction to determine the legislative intent where a statute is ambiguous, and such intent is to be found from the language of the act, its legislative history and circumstances surrounding its adoption which will throw light upon the evil sought to be remedied.

3. **Constitutional Law § 11— county ordinance regulating drive-in motion picture screens — police power**

    A county ordinance prohibiting drive-in motion picture screens from being visible from highways was constitutional as it applied to all drive-in motion picture theaters, it attempted in no way to control the content of what was shown on the screens, and it dealt directly and narrowly with the highway safety hazard involved.

    Chief Judge MALLARD dissents.

APPEAL by plaintiff from *Fountain, Judge,* 14 February 1972 Session of CLEVELAND Superior Court.

The Board of Commissioners of Cleveland County passed an ordinance making it unlawful for any person, firm or corporation to operate a drive-in motion picture theater in the vicinity of any public street or highway in Cleveland County and outside of certain municipalities in such a manner that the surface of such theater screen upon which pictures are being projected is visible to any person operating a motor vehicle upon such street or highway. This ordinance was enacted pursuant to Chapter 1062 of the 1971 Session Laws of North Carolina and G.S. 153-9(55).

Plaintiff brought an action seeking a declaratory judgment adjudging the ordinance and session law unconstitutional and applied for a temporary restraining order. At the hearing to determine if a preliminary injunction should issue the court found that both the ordinance and session law were valid exercises of the police power and that the temporary restraining order should be dissolved.

From this judgment plaintiff appealed but defendants were restrained from enforcing the ordinance pending determination of the matter on appeal.

*George S. Daly, Jr., for plaintiff appellant.*

*Horn, West & Horn by C. C. Horn and J. A. West for defendant appellees.*

BRITT, Judge.

[1, 2] Appellant contends the ordinance in question is not authorized by the cited session law. We do not agree with this contention. G.S. 153-9(55) concerns the powers of county commissioners in the general exercise of police powers. Pursuant to this statute Senate Bill 888, a local bill, was enacted as Chapter 1062 of the 1971 Session Laws. Admittedly the wording of the session law is somewhat awkward and less than desirable but we hold that it authorizes the ordinance as passed by the Cleveland County Commissioners.

Chapter 1062 of the 1971 Session Laws provides:

The Board of Commissioners of Cleveland County shall have authority under G.S. 153-9(55) to adopt ordinances regulating any drive-in motion picture theaters which are or shall be established, operated or maintained in the vicinity of any public street or highway in such manner that the surface of such theater screen upon which pictures are being projected is not visible to any person operating a motor vehicle upon such street or highway.

It is settled law that a statute must be construed as written. *State v. Wiggins*, 272 N.C. 147, 158 S.E. 2d 37 (1967), cert. den. 390 U.S. 1028; *In re Duckett*, 271 N.C. 430, 156 S.E. 2d 838 (1967). However, where a statute is ambiguous, resort must be had to judicial construction to ascertain the legislative will.

*Young v. Whitehall Co.*, 229 N.C. 360, 49 S.E. 2d 797 (1948).
The courts will control the language to give effect to the legis-
lative intent. *Ikerd v. R.R.*, 209 N.C. 270, 183 S.E. 402 (1936).
Where a statute must be construed to carry out the legislative
intent, that intent must be found from the language of the act,
its legislative history and circumstances surrounding its adop-
tion which will throw light upon the evil sought to be remedied.
*Milk Commission v. Food Stores*, 270 N.C. 323, 154 S.E. 2d
548 (1967) ; *D & W, Inc. v. Charlotte*, 268 N.C. 577, 151 S.E.
2d 241 (1966). When the session law in the instant case is
considered in that light it is obvious that the concluding lan-
guage, " . . . in such manner that the surface of such theater
screen upon which pictures are being projected is not visible
to any person operating a motor vehicle upon such street or
highway" relates back to the beginning language, "(t)he Board
of Commissioners of Cleveland County shall have authority un-
der G.S. 153-9(55) to adopt ordinances regulating any drive-in
motion picture theaters . . . . " The concluding language
should not be read as referring to the intervening subordinate
adjective clause, namely, "which are or shall be established,
operated or maintained in the vicinity of any public street or
highway . . . " ; such a reference would completely negative
the intent of the legislature.

We hold that the session law as above construed fully
authorizes the challenged ordinance.

[3]    Appellant also contends that the ordinance is unconstitu-
tional on several grounds. We find no basis on any grounds for
agreeing with appellant. When the constitutionality of an ordi-
nance is attacked it will not be declared unconstitutional unless
clearly so and every reasonable intendment will be made to
sustain it. *Cab Co. v. Shaw*, 232 N.C. 138, 59 S.E. 2d 573
(1950). G.S. 153-9(55) delegates to the counties the general
police power which would support the ordinance in question. The
session law in awkward but reasonably clear language spe-
cifically gave the Cleveland County Commissioners authority
pursuant to G.S. 153-9(55) to pass such an ordinance. The ordi-
nance was directed specifically at all drive-in motion picture
screens in the county and outside of certain municipalities
which can be seen from streets and highways. The ordinance
in no way directly or indirectly attempted to control the content
of what is shown on the screens. It was left entirely to the

theater owners as to how to comply with the law. It dealt directly and narrowly with the highway safety hazard involved. Therefore, appellant's assignments of error as to the constitutionality of the ordinance involved based on unconstitutional censorship, regulation of a preferred freedom and a standardless delegation of authority are not effective on these facts. Assuming, *arguendo,* that the ordinance regulates a preferred freedom it meets the test of *Shapiro v. Thompson,* 394 U.S. 618, 22 L.Ed. 2d 600, 89 S.Ct. 1322 (1969) in being a compelling governmental interest and has accomplished this means without affecting any broader area than necessary for the general well being and safety of the public.

We have carefully considered all of appellant's assignments of error but find them without merit.

The judgment of the superior court is

Affirmed.

Judge CAMPBELL concurs.

Chief Judge MALLARD dissents.