VARIETY THEATRES, INC., A NORTH CAROLINA CORPORATION V. CLEVE-LAND COUNTY, NORTH CAROLINA; HAYWOOD ALLEN, SHERIFF OF CLEVELAND COUNTY, NORTH CAROLINA, AND ALL HIS DEPUTIES AND BERRY LEE, CHIEF OF POLICE OF SHELBY, NORTH CAROLINA, AND ALL HIS POLICEMEN

No. 43

(Filed 15 November 1972)

1. Statutes § 5— drive-in motion picture theaters — screens visible from highway — ordinance authorized by awkwardly worded session law

   A county ordinance prohibiting the operation of drive-in motion picture theaters so that the surface of the screen upon which pictures were projected was visible to any person operating a motor vehicle upon nearby streets or roads was authorized by session law, though that law was awkwardly worded.

2. Constitutional Law §§ 11, 18— restrictive ordinance — freedom of speech — valid exercise of police power

   An ordinance regulating motion picture screens involved no censorship as it made no attempt to regulate what was shown on the screens, imposed no prior restraints on expressions of any kind, and abridged no freedom of speech or the press; rather, the ordinance was a valid police regulation enacted to further highway safety by eliminating the distractions and congestion caused by screens adjacent to and visible from the highway.

Variety Theatres v. Cleveland County

3. Constitutional Law § 20— equal protection — justifiable classification
     A county ordinance regulating motion picture screens did not
   violate the equal protection clauses of State and Federal Constitutions
   where the ordinance applied uniformly to all members of the class
   affected and where the classification had a reasonable basis.

APPEAL by plaintiff under G.S. 7A-30(2) (1969) from the decision of the Court of Appeals affirming the judgment of *Fountain, J.*, at the 14 February 1972 Session of CLEVELAND.

Action instituted under G.S. 1-253 *et seq.* (1969) and G.S. 7A-245 (1969) to determine the validity of an ordinance.

Purporting to act under the authority of G.S. 153-9(55) (Supp. 1971) and N.C. Sess. Laws, Ch. 1062 (1971) (Ch. 1062), on 1 December 1971 the Board of Commissioners of Cleveland County enacted an ordinance (hereinafter referred to as "the ordinance"), which makes it unlawful for an operator of a drive-in theater "to establish, operate or maintain a theater screen in the vicinity of any public street or highway in such manner that the surface of such theater screen upon which pictures are being projected is visible to any person operating a motor vehicle upon such street or highway."

The preamble to the ordinance recites that its purpose is to abate "those nuisances on private property controlled by drive-in theaters" which would interfere with the safety of persons using public thoroughfares.

G.S. 153-9(55), in pertinent part, empowers the boards of commissioners of the several counties "[t]o adopt ordinances to prevent and abate nuisances, whether on public or private property; ordinances supervising, regulating, or suppressing or prohibiting in the interest of public morals, comfort, safety, convenience and welfare, public recreations, amusements, and entertainments, and all things detrimental to the public good; and ordinances in exercise of the general police power not inconsistent with the Constitution and laws of the State or the Constitution and laws of the United States." The section provides, however, that it does not "confer upon any county any power or authority (not now possessed by such county) relating to the regulation or control of vehicular or pedestrian traffic on streets and highways under the control of the State Highway Commission. . . . "

Chapter 1062 provides:

"Section 1. The Board of Commissioners of Cleveland County shall have authority under G.S. 153-9 (55) to adopt ordinances regulating any drive-in motion picture theaters which are or shall be established, operated or maintained in the vicinity of any public street or highway in such manner that the surface of such theater screen upon which pictures are being projected is not visible to any person operating a motor vehicle upon such street or highway.

"Sec. 2. This act shall be in addition to any other authority granted by law."

Plaintiff owns and operates in Cleveland County the Skyvue Drive-In Theater. The theater's motion picture screen is visible from a public highway while motion pictures are being projected upon it. In this action, upon grounds specifically set forth in the complaint, plaintiff challenges the validity of the ordinance and seeks to enjoin enforcement.

At the trial, Judge Fountain heard the case upon facts agreed and adjudicated the validity of the ordinance. Upon appeal the Court of Appeals affirmed his judgment. 15 N.C. App. 512, 190 S.E. 2d 227 (1972). One member of the hearing panel dissented, and plaintiff appealed as a matter or right to this Court.

*George S. Daly, Jr., for plaintiff appellant.*

*Horn, West & Horn for defendant appellees.*

SHARP, Justice.

Plaintiff makes the following contentions: (1) The ordinance was enacted without legislative authority for Ch. 1062 empowers the county commissioners "to regulate theater screens only if 'not visible' to any person operating a motor vehicle upon any public street or highway." (2) The ordinance imposes an "unconstitutional prior restraint on speech" in violation of the First Amendment. (3) The ordinance violates the due process and equal protection clauses of the State and Federal Constitutions in that its classification of drive-in theaters as a traffic hazard is "irrational" and discriminatory.

[1] By its first contention, plaintiff seeks to take advantage of the inept language of Ch. 1062. While conceding that this

session law is a poor example of legislative draftsmanship, plaintiff's assertion that it gives power to regulate theater screens *only if not visible* to any motorist on a public thoroughfare is not to be taken seriously. In construing any statute or ordinance the court will avoid an interpretation which would lead to absurd results. *State v. Spencer,* 276 N.C. 535, 547, 173 S.E. 2d 765, 773 (1970) ; *Freeland v. Orange County,* 273 N.C. 452, 160 S.E. 2d 282 (1968).

The Court of Appeals correctly construed Ch. 1062 to authorize Cleveland County to adopt ordinances regulating drive-in motion picture theaters located near any public street or highway *to the end that* the surface of any screen upon which moving pictures are being projected shall not be visible to any motorist on a public thoroughfare. No doubt Ch. 1062 was enacted at the instance of some municipal official who preferred to point to specific rather than general authority for the ordinance or who may have misconstrued the proviso in G.S. 153-9(55). There was, however, no need for its enactment.

G.S. 153-9(55) provides plenary authority for the challenged ordinance. *City of Raleigh v. R. R. Co.,* 275 N.C. 454, 168 S.E. 2d 389 (1969) ; *State v. Scoggin,* 236 N.C. 1, 72 S.E. 2d 97 (1952). Thus, plaintiff's allegations that Ch. 1062 is proscribed by N.C. Const. art. II, § 24(1) (a) as a local act relating to the abatement of nuisances and that it "unconstitutionally attempts a standardless delegation of authority," raise moot questions.

[2]  Plaintiff's second contention is equally indefensible. In support of its argument that the ordinance "effects an unconstitutional censorship" and "prevents a movie owner from broadcasting to the traveling public at large whatever non-obscene picture he wishes," plaintiff cites the following cases: *New York Times Co. v. United States,* 403 U.S. 713, 29 L.Ed. 2d 822, 91 S.Ct. 2140 (1971) ; *Organization for a Better Austin v. Keefe,* 402 U.S. 415, 29 L.Ed. 2d 1, 91 S.Ct. 1575 (1971) ; *Blount v. Rizzi,* 400 U.S. 410, 27 L.Ed. 2d 498, 91 S.Ct. 423 (1971) ; *Shapiro v. Thompson,* 394 U.S. 618, 22 L.Ed. 2d 600, 89 S.Ct. 1322 (1969) ; *Carroll v. Commissioners of Princess Anne,* 393 U.S. 175, 21 L.Ed. 2d 325, 89 S.Ct. 347 (1968) ; *Freedman v. Maryland,* 380 U.S. 51, 13 L.Ed. 2d 649, 85 S.Ct. 734 (1965) ; *Bantam Books v. Sullivan,* 372 U.S. 58, 9 L.Ed.

2d 584, 83 S.Ct. 631 (1963); *Near v. Minnesota,* 283 U.S. 697, 75 L.Ed. 1357, 51 S.Ct. 625 (1931).

None of the cases cited above support plaintiff's contention; nor in our opinion, do they bear upon the validity of the ordinance. In *New York Times Co.,* the Supreme Court refused to enjoin two newspapers from publishing material which the executive branch of the government insisted should not, in the national interest, be published. *Organization for a Better Austin* pertained to an injunction against the peaceful distribution of informational pamphlets. *Blount* involved the constitutionality of a federal statute designed to deny the use of the mails to commercial distributions of obscene literature. *Shapiro* declared unconstitutional statutes denying welfare assistance to residents who had not resided in their respective jurisdictions for at least one year prior to their application. *Carroll* dealt with an injunction, issued without notice, which restrained the National State's Right's Party from holding public meetings. *Freedman* invalidated a statute which prohibited the showing of any motion pictures in the State of Maryland which had not been previously approved by the State Board of Censors. *Bantam Books* involved a statutory commission set up to examine and suppress publications which it deemed inimical to youth. *Near* invalidated a statute declaring the regular publication of a malicious, scandalous and defamatory newspaper to be a nuisance, abatable in injunctive proceedings unless the owner or publisher showed "that the truth was published with good motives and for justifiable ends."

The ordinance under consideration involves no censorship; it makes no attempt to regulate what is shown on the screen. It imposes no prior restraints on expressions of any kind, nor does it abridge freedom of speech or the press. In the interest of public safety it requires plaintiff to locate its screen so that the pictures and information projected upon it will not create a nocturnal traffic hazard. The First Amendment no more licenses such a hazard than it will "protect a man falsely shouting fire in a theater and causing a panic." *Schenck v. United States,* 249 U.S. 47, 52, 63 L.Ed. 473, 39 S.Ct. 247, 249 (1919).

In *Kovacs v. Cooper,* 336 U.S. 77, 93 L.Ed. 513, 69 S.Ct. 448 (1949), the Supreme Court upheld the right of a state legislature to bar sound trucks with broadcasts of public interest, amplified to a loud and raucous volume, from the public

ways of municipalities. The Court said: "City streets are recognized as a normal place for the exchange of ideas by speech or paper. But this does not mean the freedom is beyond all control. . . . On the business streets of cities . . . such distractions would be dangerous to traffic at all hours useful for the dissemination of information, and in the residential thoroughfares the quiet and tranquility so desirable for city dwellers would likewise be at the mercy of advocates of particular religious, social or political persuasions." *Id.* at 87, 93 L.Ed. at 522, 69 S.Ct. at 453.

The ordinance was enacted by the board of commissioners of Cleveland County to further highway safety by eliminating the distractions and congestion caused by a motion picture screen adjacent to and visible from the highway. The validity of a police regulation primarily depends on "whether it is reasonably calculated to accomplish a purpose falling within the legitimate scope of the police power, without burdening unduly the person or corporation affected." *Winston-Salem v. R. R.*, 248 N.C. 637, 642, 105 S.E. 2d 37, 41 (1958). The ordinance meets this test. It therefore withstands the due process attack.

[3] Plaintiff's contention that the ordinance violates the equal protection clauses of the State and Federal Constitutions is this: Many distractions "confront the nighttime motorist in modern neon America, from dual headlights to the thousand points of light that come from your friendly used car lot." The "singling out" of drive-in movies is violative of the equal protection clause. This contention is untenable.

Indubitably, in addition to having a reasonable relation to the evils sought to be remedied, an ordinance must affect alike all those in the same class and under similar conditions. However, an ordinance passed in the interest of public safety is not void as class legislation if it is made to apply uniformly to all members of the class affected and the classification has a reasonable basis. *Cheek v. City of Charlotte*, 273 N.C. 293, 160 S.E. 2d 18 (1968) ; *State v. Glidden Co.*, 228 N.C. 664, 46 S.E. 2d 860 (1948). *See also Williamson v. Lee Optical Co.*, 348 U.S. 483, 99 L.Ed. 563, 75 S.Ct. 461 (1955). It is clear to us that moving picture screens showing pictures visible to motorists on a public highway are a special hazard, justifying a special classification.

We hold that the ordinance is constitutional. The decision of the Court of Appeals is

Affirmed.