COUNTY OF CUMBERLAND, Plaintiff v. EASTERN FEDERAL COR-
PORATION, Defendant; COUNTY OF CUMBERLAND, Plaintiff v.
TART'S T.V. FURNITURE & APPLIANCE CO., INC. AND TART'S IN-
VESTMENT CORPORATION, Defendants

No. 7912DC1195

(Filed 2 September 1980)

1. Counties § 5.1; Municipal Corporations § 30.13– county sign ordinance – non-
conforming use – amortization period – constitutionality

Provision of a county sign ordinance requiring nonconforming uses to be
discontinued within three years from the effective date of the ordinance,
thus giving the owner of a nonconforming sign a three-year period in which
to amortize or depreciate the cost of the sign, is reasonable and does not
provide for an unconstitutional "taking" of property.

2. Constitutional Law § 18; Counties § 5.1; Municipal Corporations § 30.13– county
sign ordinance – free speech

Provisions of a county sign ordinance do not infringe upon defendants'
rights of free speech since the ordinance does not attempt to censor the
content of signs or to impose any prior restraints on expressions of any kind.

3. Counties § 5.1; Municipal Corporations § 30.13 – county sign ordinance – aesthet-
ic considerations – lawful exercise of police power

A county sign ordinance could lawfully be based upon aesthetic consid-
erations. However, the sign ordinance in question was a legitimate exercise
of the county's police power for reasons in addition to aesthetic considera-
tions since the sign provisions are incorporated within a comprehensive
zoning ordinance which is directly related to the public safety, health, mor-
als or general welfare; the aesthetic impact of billboards and signs is an
economic fact which might bear heavily upon the enjoyment and value of
property; the uncontrolled display of billboards and signs can distract
motorists and thereby create hazards to vehicular traffic and pedestrians;
and the sign provisions are coupled with other zoning provisions such as
setbacks, land use classifications, parking control and density requirements.

4. Counties § 5.1; Municipal Corporations § 30.13– county sign ordinance – no
enforcement in municipalities – equal protection

A county sign ordinance does not violate the Equal Protection Clause of
the Fourteenth Amendment to the U.S. Constitution or Art. I, § 19 of the N.C.
Constitution because the county will not enforce the ordinance with respect
to any person owning or operating a sign in certain municipalities within the
county since counties may not exercise zoning authority within a city which
has enacted a zoning ordinance, G.S. 153A-320, and counties may defer from
zoning within cities pursuant to G.S. 153A-342.

Cumberland County v. Eastern Federal Corp.

APPEAL by defendants from *Cherry, Judge.* Judgments entered 11 October 1979 in District Court, CUMBERLAND County. Heard in the Court of Appeals 21 May 1980.

The plaintiff-county (the "County") is a corporate body politic organized pursuant to Chapter 153A of the General Statutes of North Carolina. Defendant Eastern Federal Corporation ("Eastern Federal") is a North Carolina corporation which has erected and maintained a sign at 4707 Bragg Boulevard, Cumberland County, North Carolina. Defendant Tart's Investment Corporation ("Tart's Investment") is the owner of real property upon which defendant Tart's T.V., Furniture and Appliance Co., Inc. ("Tart's T.V."), maintains a place of business and upon which Tart's T.V. has erected and maintained a sign.

In No. 77CVD3127 the County alleged that Eastern Federal installed and continued to maintain a sign in excess of one hundred (100) square feet in area in violation of Section 9.442 of the Cumberland County Zoning Ordinance. The County further alleged that the sign was a nonconforming use not carried on within a structure as defined in Sections 5.1 and 5.21 of the Zoning Ordinance and that the sign had not been discontinued as required by Section 5.21 of the Zoning Ordinance. The County sought a Permanent Prohibitory Injunction and Order of Abatement commanding the defendant to modify or discontinue its sign so as to conform with the Cumberland County Zoning Ordinance. It is stipulated that Eastern Federal erected the sign in 1963, approximately nine years prior to the enactment of the sign provisions of the Cumberland County Zoning Ordinance; that the Eastern Federal sign has not been changed in any appreciable degree since the time of installation, and that said sign has the total surface area of approximately 700 square feet. It is also stipulated that the defendant's sign was at all times, and is, a nonconforming use in relation to the Zoning Ordinance. The present market value of the sign in question is $15,000.

In 77CVD3129, it was stipulated that defendants Tart's Investment and Tart's T.V. erected the subject sign in 1971,

approximately two years prior to the enactment of the sign provisions of the Cumberland County Zoning Board. It is also stipulated that the subject sign has a total surface area of approximately 680 square feet and that the subject sign has not been changed in any appreciable degree since the time of installation on the land of Tart's Investment. At all times the defendants' sign was and is a nonconforming use in relation to the Zoning Ordinance. Plaintiff County sought relief similar to that sought in 77CVD3127.

In both cases it was stipulated that the County had not attempted and did not contemplate attempting to enforce the Cumberland County Zoning Ordinance with respect to any person owning or operating a sign of any type in the City of Fayetteville, the Town of Hope Mills and the Town of Spring Lake, for the reason that the County contended that it had no jurisdiction, and therefore no legal authority, to enforce its Zoning Ordinance within the named municipal corporations.

At the 22 January 1979 Civil Session of the District Court of Cumberland County, the trial judge consolidated the two cases for the purpose of trial and rendered partial summary judgment in favor of the plaintiff. The defendants, and each of them, in apt time, duly excepted and preserved their exceptions. At the 24 September 1979 Civil Session of the District Court of Cumberland County, upon proper stipulation of the plaintiff and the defendants, the trial judge entered final judgment in favor of the plaintiff in both cases. Both defendants appealed to the Court of Appeals of North Carolina and, pursuant to Rule 5(a) of the North Carolina Rules of Appellate Procedure, joined their appeals.

Other necessary facts will be stated in the opinion.

*Heman R. Clark and Garris Neil Yarborough for plaintiff appellee.*

*Williford, Person & Canady by N.H. Person; and McCoy, Weaver, Wiggins, Cleveland & Raper by Richard M. Wiggins for defendant appellants.*

CLARK, Judge.

Cumberland County v. Eastern Federal Corp.

The defendants do not challenge the applicability of the Cumberland County Zoning Ordinance to their respective signs. Rather, they challenge the constitutionality of the Ordinance as applied to their respective cases. We note at the outset that " '... it is the duty of the municipal authorities in their sound discretion, to determine what ordinances or regulations are reasonably necessary for the protection of the public or the better government of the town; and when such ordinance is adopted it is presumed to be valid; and, the courts will not declare it invalid unless it is clearly shown to be so.' (Citations omitted) This is true when the constitutionality of an ordinance is attacked, and no law or ordinance will be declared unconstitutional unless clearly so and every reasonable intendment will be made to sustain it." (Citations omitted.) *Victory Cab Co. v. Shaw*, 232 N.C. 138, 142, 59 S.E. 2d 573, 576 (1950).

[1] Defendants first challenge Section 5.21 of the Ordinance as permitting an unconstitutional "taking." That provision provides, *inter alia*, that "[a]ll nonconforming uses carried on within a structure, except those which are incidental and necessary to activities within a structure, shall be discontinued within three years from the effective date of this ordinance . . . ." The three-year rule, in effect, allows the owner of the nonconforming sign a three-year period in which he may amortize or depreciate the cost of the sign. The validity of such a provision was specifically upheld by our Supreme Court in *State v. Joyner*, 286 N.C. 366, 211 S.E. 2d 320 (1975), *appeal dismissed*, 422 U.S. 1002, 95 S. Ct. 2618, 45 L. Ed. 2d 666 (1975); Note, 11 Wake Forest L. Rev. 754 (1975). While it is true that *Joyner* explicitly did not decide whether the ordinance therein would be considered "reasonable" had the defendant been the owner in fee of the land upon which the salvage yard was located, we can see no compelling reason for distinguishing in the instant case between whether the owner of the sign is a lessee or an owner in fee of the land upon which the sign is situated, for it is the sign, as a real fixture, and not the underlying land, which is the subject of the amortization, and it is the visual effect of the sign, not the underlying land, which is the subject of regulation. Consequently, we hold that the amortization provision of the ordinance was reasonable as applied to defendants.

[2] The defendants contend that the ordinance also denies them their free speech guarantees of Article I, Section 14 of the North Carolina Constitution. We do not agree. While it is true that commercial speech is protected under the First Amendment of the United States Constitution, and similarly under Article I, Section 14 of the North Carolina Constitution, *Virginia State Board of Pharmacy v. Virginia Consumer Council, Inc.*, 425 U.S. 748, 96 S. Ct. 1817, 48 L. Ed. 2d 346 (1976), it is nonetheless true that commercial speech, like other varieties of speech, is subject to reasonable time, place, and manner restrictions. *State v. Wiggins,* 272 N.C. 147, 158, 158 S.E. 2d 37 (1967); *Variety Theatres, Inc. v. Cleveland County,* 15 N.C. App. 512, 190 S.E. 2d 227, *affirmed,* 282 N.C. 272, 192 S.E. 2d 290 (1972), *appeal dismissed,* 411 U.S. 911, 93 S. Ct. 1548, 36 L. Ed. 2d 303 (1973). The ordinance in this case makes no attempt to censor the content of the signs nor does it impose any prior restraints on expressions of any kind. As applied to defendants, we hold that the sign provisions of the Cumberland County Zoning Ordinance do not infringe defendants' rights of free speech.

[3] Defendants' next argument is that the ordinance unconstitutionally attempts to regulate land use for aesthetic purposes only. On the contrary, aesthetic considerations have long been recognized as legitimate governmental concerns. We think this is particularly true when outdoor advertising is involved. The North Carolina General Assembly, in the context of interstate and primary highways, has already articulated a forceful policy statement on outdoor advertising:

"Section 136-127. *Declaration of policy.* — The General Assembly hereby finds and declares that outdoor advertising is a legitimate commercial use of private property adjacent to roads and highways but that erection and maintenance of outdoor advertising signs and devices in areas in the vicinity of the right-of-way of the interstate and primary highways within the State should be controlled and regulated in order to promote the safety, health, welfare and convenience and enjoyment of travel on and protection of the public investment in highways within the State, to prevent unreasonable distraction of operators of motor vehicles and to prevent interference with the effectiveness

Cumberland County v. Eastern Federal Corp.

of traffic regulations and to promote safety on the highways, to attract tourists and promote the prosperity, economic well-being and general welfare of the state, *and to preserve and enhance the natural scenic beauty of the highways* and areas in the vicinity of the State highways and to *promote the reasonable, orderly and effective display of such signs, displays and devices ... .*" (Emphasis supplied.)

While careful to note that it was not expressing an opinion, our Supreme Court, in *State v. Vestal,* 281 N.C. 517, 524, 189 S.E. 2d 152, 157 (1972), recognized the "growing body of authority" that "the police power may be broad enough to include reasonable regulation of property use for aesthetic reasons only." As clearly and simply stated by Mr. Justice Douglas, in his majority opinion in *Berman v. Parker,* 348 U.S. 26, 33, 75 S. Ct. 98, 99 L. Ed. 27, 38 (1954):

> "Public safety, public health, morality, peace and quiet, law and order — these are some of the more conspicuous examples of the traditional application of the police power to municipal affairs. Yet they merely illustrate the scope of the power and do not delimit it .... The concept of the public welfare is broad and inclusive .... The values it represents are spiritual as well as physical, *aesthetic* as well as monetary. It is within the power of the legislature to determine that the community should be *beautiful* as well as healthy, *spacious* as well as clean, well-balanced as well as carefully patrolled ... ." (Emphasis supplied.)

*See, generally,* Annot., 81 A.L.R. 3d 486 (1977); Annot., 80 A.L.R. 3d 630 (1977); Annot. 41 A.L.R. 3d 1397 (1972); Annot., 21 A.L.R. 3d 1222 (1968). We recognize that several North Carolina Supreme Court cases have held that, while preserving and enhancing aesthetic qualities are legitimate governmental objectives, an ordinance may not be based solely upon the aesthetic considerations. *Little Pep Delmonico Restaurant v. City of Charlotte,* 252 N.C. 324, 113 S.E. 2d 422 (1960); *State v. Brown,* 250 N.C. 54, 108 S.E. 2d 74 (1959); *In re Parker,* 214 N.C. 51, 197 S.E. 706 (1938), *appeal dismissed,* 305 U.S. 568, 59 S. Ct. 150, 83 L. Ed. 358 (1938); *MacRae v. City of Fayetteville,* 198 N.C. 51, 150 S.E. 810 (1929). More recently, in *A-S-P Associates v. City of Raleigh,* 298

N.C. 207, 216, 258 S.E. 2d 444, 450 (1979), our Supreme Court, while refraining from endorsing such a broad concept of the police power as that based upon aesthetic values alone, nonetheless held that aesthetic regulation constituted a legitimate governmental objective when applied to historically significant areas.

We find it hard to conceive that our constitutional founders believed that visual blight and ugliness were a fundamental aspect of our national heritage or that our state and local governments were to be powerless in protecting the beauty and harmony in our human as well as our natural environments. Given the cautious wording of our Supreme Court in A-S-P Associates, *supra,* we do not go so far as to say in all cases that purely aesthetic considerations may be the basis for reasonable governmental regulation of land use. We do hold, however, that the Cumberland County sign ordinance in this case could lawfully be based upon aesthetic considerations and we see no need to play with euphemisms to reach this result.

We do not, however, have to rely solely upon aesthetic considerations to uphold the Cumberland County Zoning Ordinance as within the County's legitimate police power. First, we note that the sign provisions are incorporated within a comprehensive zoning ordinance which is directly related to the public safety, health, morals or general welfare. A-S-P Associates, *supra; Schloss v. Jamison,* 262 N.C. 108, 136 S.E. 2d 691 (1964). Second, "[t]here are areas in which aesthetics and economics coalesce, areas in which a discordant site is as hard an economic fact as an annoying odor or sound." *United Advertising Corp. v. Metuchen,* 42 N.J. 1, 198 A. 2d 447, 449 (1964). Thus it has been held that the aesthetic impact of billboards is an economic fact that might bear heavily upon the enjoyment and value of property. *Id.* Third, it is common knowledge that uncontrolled display of billboards and signs can distract travelling motorists and thereby create hazards to vehicular traffic and to pedestrians. Finally, we note that the sign provisions are coupled with other zoning provisions in the ordinance, such as setbacks, land use classifications, parking control and density requirements.

Cumberland County v. Eastern Federal Corp.

[4] Defendants' final argument is that the ordinance is unconstitutional because it is not uniformly enforced, and in particular, because the County refuses to enforce the ordinance within specified municipalities within the County. We see no merit in defendants' contention. First, N.C. Gen. Stat. § 153A-320, provides:

> "*Territorial jurisdiction.* — Each of the powers granted to counties by this Article, by Chapter 157A, and by Chapter 160A, Article 19 may be exercised throughout the county *except as otherwise provided in G.S. 160A-360.*" (Emphasis supplied.)

N.C. Gen. Stat. § 160A-360 in turn provides, in relevant part, that:

> "(a) All of the powers granted by this Article [Article 19] may be exercised by any city within its corporate limits."

In particular, part 3 of Article 19 of Chapter 160A provides for the zoning authority of cities and other municipalities. By the specific wording of N.C. Gen. Stat. § 153A-320, the counties may not exercise zoning authority within a city which has enacted a zoning ordinance.

Moreover, we agree with the County that counties can defer from zoning within cities pursuant to N.C. Gen. Stat. § 153A-342, which provides that counties may zone an area less than their entire jurisdiction and that they may divide their "territorial jurisdiction into districts of any number, shape, and area that [they] may consider best suited to carry out the purposes of [part 3 of Article 18 of Chapter 153A]." N.C. Gen. Stat. § 153A-342 also specifically permits creation of zoning areas which may be regulated differently than other areas in the county. We hold that the statutory authority permitting such districting and classification of areas for purpose of land use regulation has a reasonable basis and that, as applied in the facts of this case, the zoning ordinance neither denies the defendants' equal protection under the Fourteenth Amendment of the United

States Constitution nor the similar language in Article I, Section 19 of the North Carolina Constitution. *Guthrie v. Taylor*, 279 N.C. 703, 185 S.E. 2d 193 (1971), *cert. denied*, 406 U.S. 920, 92 S. Ct. 1774, 32 L. Ed. 2d 119 (1972).

Affirmed.

Chief Judge MORRIS and Judge ERWIN concur.